MARIA L. DEARBORN *vs.* LOUISA H. WELLMAN.

Middlesex. January 11. — 12, 1881. COLT & AMES, JJ., absent.

If, in an action of tort for breaking and entering the plaintiff's close, the plaintiff does not assert or prove any injury to the reversion of the premises, but relies only upon his possession at the time of the trespass sued for, and the judge, who tries the case without a jury, finds, as matter of fact, that he was not in possession, a ruling, as matter of law, that he cannot maintain the action is right.

TORT. The declaration alleged that the defendant forcibly entered the plaintiff's close in Lowell, tore down the fences, dug up the soil, erected a building thereon, and took and carried away the soil and converted it to her own use. Writ dated August 14, 1879. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

The trespass complained of was committed in April 1879, in the yard in the rear of the plaintiff's house. The plaintiff testified that she had owned the premises since 1866, and had occupied them exclusively from that time until 1874, when she rented them to one Judkins, as tenant at will, reserving to herself one chamber, with the privilege of using the attic, the back yard and the privy; that, soon after the renting to Judkins, she was called by the sickness of her daughter to New Jersey, where she had remained most of the time since, returning to Lowell as often as once a year, sometimes twice, and remaining there on such occasions several weeks; that she always recognized the premises as her home, had a key to the front door of the house, passed in and out of the house when in Lowell, and kept all her personal property in her chamber and in the attic, except what she had in her trunk in New Jersey; that in 1878 she was in Lowell in the spring and in the fall, remaining each time several weeks; that in 1879 she was in Lowell in the spring, remaining several weeks, and in 1880 she was in Lowell for several weeks; but during these times she had not slept in her chamber, or cooked or stopped in the house, but visited at the houses of her friends, though she frequently used the premises and exercised her usual privileges. It was also in evidence that the privy in the yard was torn down in April 1878, but after that the plaintiff placed a water-closet in the cellar of the building, and thereafterwards used it.

On cross-examination she testified that, after the removal of the privy, she could not state any particular purpose for which she had used the yard, nor did she state any occasion on which she had used it except in going to and from the privy.

Judkins substantially corroborated the testimony of the plaintiff; and, in answer to a question by the judge, testified that, at the time he rented the premises of the plaintiff, nothing was said about the reservation of the use of the yard and privy to the plaintiff, but he supposed it was understood, and nothing was said about it at any time.

The plaintiff asked the judge to rule that, upon the above facts, she was a tenant in possession of the premises, and could maintain this action. But the judge found that the plaintiff had not established the fact that she was in possession of the

close where the trespass was committed; and ruled that she could not maintain this action. The plaintiff alleged exceptions.

*J. F. McEvoy*, for the plaintiff.

*J. N. Marshall & M. L. Hamblet*, for the defendant, were not called upon.

BY THE COURT. The plaintiff does not appear by the bill of exceptions to have asserted or proved at the trial any injury to the reversion of the premises, but to have relied only upon her possession at the time of the trespass sued for; and the presiding judge, having found as matter of fact that she was not in possession, rightly ruled as matter of law that she could not maintain her action.                    *Exceptions overruled.*