## JOHN MANNERS *vs.* CITY OF HAVERHILL.

Essex. Nov. 8, 1882. — June 19, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A declaration in an action against a city contained three counts, the first of which alleged that the defendant broke and entered the plaintiff's close and tore down and destroyed a certain wooden building thereon; the second count alleged a conversion of the building ; and the third count alleged a conversion of a lot of lumber. The answer contained two paragraphs, the first of which denied that a part of the close described in the declaration was the soil and freehold of the plaintiff, and alleged " that the same is within the limits of a town way," which it was the defendant's duty to keep in repair ; that " the plaintiff had erected on said way a wooden building obstructing said way," which was a public nuisance; and that the " defendant by its agents entered upon said way and removed said building." The second paragraph of the answer denied that the defendant broke and entered the plaintiff's close, and converted to its own use the goods and chattels of the plaintiff, as alleged in his writ. *Held*, that it was open to the defendant, under the pleadings, to contend that the acts of its superintendent of streets, in forcibly entering with his men upon the plaintiff's close in pursuance of a vote of its board of aldermen, even if the acts constituted a trespass by these persons, did not constitute a breaking and entering by the defendant.

In an action against a city for breaking and entering the plaintiff's close, the answer to which alleges that a part of the close is within the limits of a town way, the plaintiff is not estopped by deeds put in evidence by the defendant, under which the plaintiff's title is derived, from showing where the location of the way is, there being no privity of title between the plaintiff and the defendant.

If, in an action for breaking and entering the plaintiff's close, the plaintiff relies on a possessory title merely, and the defendant puts in evidence the deeds of the plaintiff's land, the latter is not entitled to a ruling that those deriving their title through a deed to one of the predecessors in title to the plaintiff took no more than was conveyed to such predecessor.

If the superintendent of streets of a city, with men in the employ of the city, enters upon a person's close, pursuant to a vote of the board of aldermen, but the act is not done under any vote of the city council, or in reference to any property which the city claimed to own, or in performance of any work which the city was specially authorized to do, or in which the city had a corporate interest distinct from that of the inhabitants generally of the Commonwealth, the city is not liable to an action by the owner of the close.

TORT, in three counts. The first count alleged that the defendant forcibly entered the plaintiff's close in Haverhill, (described as bounded on the north by Merrimack Street, on the west by land of Alonzo Way, on the south by the Merrimack River, and on the east by the city landing,) "and tore down and destroyed a certain wooden building thereon." The

second count was for the conversion of a wooden building, the property of the plaintiff. The third count was for the conversion of "a certain lot of lumber," the property of the plaintiff. The answer was as follows :

"And now comes the said defendant, and, for answer to the plaintiff's declaration, says that, as to a part of the premises described in the plaintiff's writ as the close of the plaintiff, it denies that the same is the soil and freehold of the plaintiff, and says that the same is within the limits of a town way, upon the banks of the Merrimack River in said city, which way it was the duty of the defendant to keep in repair, open, free and unobstructed. And the plaintiff had erected on said way a wooden building obstructing said way, and said building was a public nuisance, and especially a nuisance to the defendant, and the defendant, by its agents, entered upon said way and removed said building.

"And the defendant upon its own knowledge denies that it broke and entered the plaintiff's close, and that it converted to its own use the goods and chattels of the plaintiff, as alleged in his writ."

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, which, after stating that the pleadings formed part thereof, was in substance as follows :

The defendant admitted an entry upon the described close, by its agents, and justified on the ground that the part upon which the entry was made was a town way, which it was obliged to keep in repair, and that it entered to remove a building which constituted a nuisance and an obstruction to travel.

The defendant put in evidence the records of a town meeting in Haverhill, in March, 1772, showing the following vote: "It being put to vote wheither the town will accept and allow of the way laid out by the selectmen near Capt. Mullikens from the maine street to the river part on land of James McHard Esqr: & part on land of William Wingate: voted in the affirmative." The defendant also put in evidence tending to prove that the way there mentioned was located from Merrimack Street to the river, between the estate now belonging to the plaintiff and that belonging to one Hunking. The plaintiff admitted the existence of a way about fifteen feet wide, from the street to the river, and the defendant contended that the way was fifteen

feet wide for the distance of about sixty feet, and then became wider, in the rear of the plaintiff's brick building, so as to include the land upon which the building destroyed by the defendant was erected.

The plaintiff's title was derived, by mesne conveyances, from the James McHard named in the records aforesaid, whose deed, dated in 1767, described his premises as bounded " southerly on the river to low-water mark." In 1785, one Thomas McHard White conveyed the premises as " bounding southerly on the town landing." In 1835, one Jonathan K. Smith conveyed to Abigail C. Gubtal premises described as follows, viz.: " beginning at the town land so called, running westerly on the highway twenty-six feet to land owned by Jonathan Kimball Smith, thence running southerly by said Smith's land about sixty-three feet, thence running easterly by town landing twenty-five feet, thence running northerly to the bound first mentioned sixty-two feet." Gubtal conveyed to Hiram Peaslee, and he testified that at the time of her conveyance to him there was a bank wall, about sixty feet from Merrimack Street, and that she (now deceased) told him that she owned only to the bank wall, and that beyond that, or south of that, was the town land or town landing. He testified that this was said upon the premises, while she was pointing out her bounds to him. In all the later deeds no southern abuttals were named, and the plaintiff contended, and offered evidence tending to show, that, in Gubtal's time, the bank wall was substantially at ordinary high-water mark, and that the shore has gradually encroached upon the river since the year 1840 or thereabouts.

In none of the deeds under which the plaintiff claims title was the *locus* described or mentioned as a " way." But in one deed of premises, westerly of these, the defendant contended that the *locus* was called a town way. This was denied by the plaintiff, who contended that, from all the evidence in the case, it was clear that there was a misdescription in this deed, and that the recital was clearly erroneous ; and this question was argued to the jury by counsel on both sides.

It appeared that, by vote of the board of mayor and aldermen of Haverhill, passed in June, 1881, the superintendent of streets was directed to remove this building from the city landing No.

12, and that the destruction was accomplished under and in pursuance of this vote, and that the men who did the work were paid by the city. A copy of this vote is printed in the margin.*

The defendant asked the judge to rule that the action could not be maintained against the city for these acts, even if they constituted a trespass. The judge ruled that this defence was not open under the answer, which admitted that the removal was done by the defendant's agents.

The defendant also asked the judge to rule, that if the plaintiff's predecessors in title to the land northerly of the *locus* described said land in their deeds as bounded on the south by a "town way," "town landing," or "town land," the plaintiff is estopped to deny that a town way existed at that place at the date of such conveyance, and that either of the above terms is to be taken as an admission that the land upon the south was dedicated to or taken for public uses, so that the plaintiff would be estopped to deny the easement in the public. As before stated, no one of such deeds described the land on the south of the conveyed premises as a "town way," and the defendant expressly disclaimed any justification on the ground that it was a "town landing," and the judge refused to rule as requested, but did instruct the jury that they were to consider the recitals in all the deeds introduced, in determining where the location of the way in 1772 actually was. The defendant did not contend that any way existed, except as actually laid out by the selectmen in 1772.

The defendant also contended, and requested the judge to rule, that those deriving their title through Gubtal took no further than was conveyed to her by the deed from Smith. The plaintiff put no deeds in evidence, but relied upon a possessory title, and the fact that the *locus* had been occupied by a building by himself and his grantors for about seventeen years. All the

---

* "Ordered, that the superintendent of streets be and is hereby ordered and instructed to remove all obstructions from the city landing No. 12 in the rear of Merrimack Street and of the store of John Manners. Especially to remove the new wooden building in the rear of said Manners's store, standing on said landing, the same to be done under the instructions of the mayor."

deeds in the case were put in by the defendant. The judge refused to rule as requested by the defendant.

The judge submitted to the jury the question, whether the building destroyed was upon the way, and instructed them that, if it was upon the way, the defendant was entitled to a verdict.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. N. Merrill,* for the defendant.

*S. B. Ives, Jr. & W. H. Moody,* for the plaintiff.

FIELD, J. The declaration contains three counts. These should have been answered separately; but no objection has been taken to the answer, on the ground that it purports to answer the whole declaration, as if it contained but one cause of action. The answer contains two paragraphs. The first paragraph denies that a part of the close described in the declaration is the soil and freehold of the plaintiff, and alleges "that the same is within the limits of a town way," which it was the duty of the defendant to keep in repair; and that "the plaintiff had erected on said way a wooden building obstructing said way," which was a public nuisance; and that the "defendant by its agents entered upon said way and removed said building." This paragraph answers the first count only in part, does not describe the portion of the close which it alleges was a town way, and does not allege that the building removed was the same building, of the destruction of which the plaintiff complains. Standing alone, it would not have been a sufficient answer. The second paragraph denies that the defendant "broke and entered the plaintiff's close, and that it converted to its own use the goods and chattels of the plaintiff, as alleged in his writ." The first clause of this second paragraph may therefore be taken to be a denial of the breach of the close alleged in the first count, and the last clause to be a denial of the conversion alleged in the second and third counts. The allegation in the first count, that the defendant "tore down and destroyed a certain wooden building thereon," is matter of aggravation, and is not the gist of the action; this allegation was properly made, and if the defendant did not intend to admit it, it was its duty to deny it in the answer, or to allege its ignorance of it. *Knapp* v. *Slocomb,* 9 Gray, 73. This allegation is

then admitted by the answer, even if it were not expressly admitted, because not denied.     But to maintain the action on the first count, under the issue raised by the denial contained in the second paragraph of the answer, if that denial extends to the whole close described in the declaration, it was incumbent on the plaintiff to prove a forcible breach of the close by the defendant.     An admission that it tore down and destroyed the building would not render such proof unnecessary.   *Knapp* v. *Slocomb, ubi supra.   Phelps* v. *Morse*, 9 Gray, 207.   *Merriam* v. *Willis*, 10 Allen, 118.   The defendant not only should have answered each count separately, but, in answering the first count, it should have described the part of the close, which it alleged was a town way, on which it entered, and should have denied that it broke or entered any part of the close except the part described as a town way.   If the first paragraph had set out a good defence by itself, the admissions in that paragraph could not have been used as evidence on the trial of an issue raised by the second paragraph.   *Lyons* v. *Ward*, 124 Mass. 364.   Pub. Sts. *c.* 167, § 75.   The second paragraph, considered apart from the first, except for the defect that it answers three counts as if they were but one, purports to set out a complete defence by itself ; and as it denies that the defendant broke and entered the plaintiff's close, as alleged in his writ, we think, if the defendant was permitted to go to trial under this answer, that it must be taken that this denial extends to the whole close.   On this construction, it was open under the pleadings for the defendant to contend that the act of the superintendent of streets in forcibly entering with his men upon the close of the plaintiff, in pursuance of the vote of the board of aldermen, even if the act constituted a trespass by these persons, did not constitute a breaking and entering by the defendant.   *Haskell* v. *New Bedford*, 108 Mass. 208, 212.

The plaintiff clearly was not estopped, by the deeds put in evidence by the defendant, from showing, as against the defendant, where the location of the way was.   There was no privity of title between the plaintiff and the defendant.   As the plaintiff relied upon a possessory title, the court rightly refused to rule " that those deriving their title through Gubtal took no further than was conveyed to her by her deed from Smith."

The statement in the exceptions that the defendant admitted an entry upon the close described in the declaration, by its agents, when considered in connection with other facts appearing in the exceptions, ought not to be held to conclude the defendant upon the question of law, whether the act of the superintendent of streets, and of the men under him, in entering upon the close of the plaintiff, pursuant to the vote of the board of aldermen, constituted a trespass for which the city is responsible.

This act does not appear to have been done under any vote of the city council of the city, or in reference to any property which the city claimed to own, or in the performance of any work which the city was specially authorized to do, or in which the city had a corporate interest distinct from that of the inhabitants generally of the Commonwealth, and the cases, cited by the plaintiff, of *Thayer* v. *Boston*, 19 Pick. 511, *Hawks* v. *Charlemont*, 107 Mass. 414, *Gordon* v. *Taunton*, 126 Mass. 349, and *Deane* v. *Randolph*, 132 Mass. 475, are not, strictly speaking, in point.

The mayor and aldermen of a city, if no other provisions are made in relation thereto, have the powers, and are subject to the liabilities, of selectmen; Pub. Sts. *c.* 28, § 2; and they, as well as the superintendent of streets of a city, in keeping the streets clear of obstructions, act as public officers, and for such acts the city is not liable. The fact that the superintendent and the men who acted under him were paid by the city is immaterial. *Haskell* v. *New Bedford*, 108 Mass. 208, 211. *Barney* v. *Lowell*, 98 Mass. 570. *Hafford* v. *New Bedford*, 16 Gray, 297. If such officers, in performing their duty of removing obstructions from the public ways, under the general laws of the Commonwealth, enter upon the land of an individual, under the mistaken belief that the land is a public way, the city is not liable for the trespass. *Haskell* v. *New Bedford, ubi supra.*

*Exceptions sustained.*