## Amaziah Mayo vs. City of Springfield.

Hampden. Sept. 23. — Nov. 1, 1884. C. Allen & Colburn, JJ., absent.

In an action for breaking and entering the plaintiff's close, and placing thereon a quantity of earth, the benefits to the plaintiff's land arising from placing the earth upon it may be considered in estimating the amount of damages, although the answer contains a general denial only.

Tort. The declaration alleged that the defendant, by its servants and agents, forcibly entered the plaintiff's close in Springfield, " and placed upon and into the same a large quantity of earth, and kept and maintained the same there for a long time, to wit five years, to the great damage of the plaintiff." Answer, a general denial. After the former decision, reported 136 Mass. 10, the case was sent to an assessor, who found the following facts:

The plaintiff's close was valuable chiefly for building purposes, and was worth from $4000 to $6000. At the time the alleged trespass was committed, it was used by the plaintiff as a pasture, and this was the only use to which it could be put to advantage until occupied for building purposes. As used, its rental value was about $25 per annum. In 1874, a portion of the close, amounting to seven square rods, and being about one seventh of the entire close, was covered by an embankment of earth placed there by the defendant, and a fence, essential to the improvement of the close, was wholly or partially destroyed. The earth remained as left by the defendant until April, 1882, when it was nearly all removed by the plaintiff, and used for filling and grading other portions of the close. The value of the land covered by said earth for the time during which the same was allowed to remain thereon was $40. The value of the fence, wholly or partially destroyed by the defendant, was $25. The embankment contained five hundred and fifty cubic yards of earth, and the expense of its removal would be fifteen cents per cubic yard, amounting in all to $82.50. The defendant offered to show, and evidence was admitted, against the plaintiff's objection, tending to show, that the earth, by the use to which the plaintiff applied it as above stated, enhanced the value of his land for building purposes more than the expense

of its removal; and that the value of the earth, as left by the defendant for use upon the plaintiff's close, was greater than the expense of its removal; and the defendant contended that it was entitled to have the value of the earth to the plaintiff applied as an offset to the expense of its removal. The assessor so applied it, and allowed the plaintiff nothing for the removal of the earth. If the defendant was not entitled, under the pleadings, to have the value of the earth so allowed and applied, the assessor found that the plaintiff would be entitled to receive $82.50 for the expense of removing the same.

Upon the above facts, the assessor assessed the plaintiff's damages as follows: value of land covered by said earth, $40; value of fence, $25; interest from date of writ, $6; total, $71.

The Superior Court ordered judgment for the plaintiff for $71; and he appealed to this court.

*A. M. Copeland*, for the plaintiff.

*T. M. Brown*, for the defendant.

FIELD, J. The gist of the plaintiff's action is the breaking and entering of his close. The other averments of the declaration only affect the damages. *Manners* v. *Haverhill*, 135 Mass. 165.

The measure of damages is the injury to the plaintiff's estate caused by the trespass; and when, as in this case, the damages are occasioned by placing upon the land "a large quantity of earth," the damages are not necessarily what it would cost the plaintiff to remove the earth from the land. *Holt* v. *Sargent*, 15 Gray, 97. In determining the extent of the injury to the plaintiff's land, the court had a right to consider the benefits, if any, arising from placing the earth upon the land. An allowance for such benefits is not in the nature of recoupment or set-off, but a method of determining the actual damages sustained. *Luther* v. *Winnisimmet Co.* 9 Cush. 171. *Howes* v. *Grush*, 131 Mass. 207. *Jones* v. *Gooday*, 8 M. & W. 146.

Upon the facts found by the assessor, the court was warranted in entering judgment for the smaller sum.

*Judgment affirmed.*