## HUTCHINSON v. PARKER.

In trespass *qu. cl.* for felling the defendant's trees across the line fence, and covering the plaintiff's land with brush, the measure of damages is not necessarily the expense of removing the brush, nor are they necessarily limited to the value of the land covered by it.

SMITH, J. This is an action of trespass *qu. cl.* The parties are owners of adjoining tracts of land separated by a rail fence, the plaintiff's land being mostly pasture, and the defendant's wood. The defendant, in cutting timber near the line, felled it across the fence and on to the plaintiff's land, breaking the fence, and covering his land for a space sixty rods in length by thirty feet in width next the fence with brush, and left it there. The plaintiff claimed

to recover as damages the reasonable expense of removing the brush and repairing the fence. The defendant claimed that the cost of removing the brush was more than the land on which it rested was worth, and that the damages should not exceed the value of the land. The court ruled that the plaintiff could recover the expense of removing the brush in a reasonably prudent manner, though it might exceed the value of the land; and the defendant excepted.

It cannot be said, as matter of law, that the plaintiff can or cannot recover as damages the expense of removing the brush. The expense is not the measure of his damages. It is a fact to be considered in connection with other evidence, such as the value of the land before and since the cutting, the uses to which it was adapted, and the extent to which the plaintiff had been deprived of the use. The damages may be more and they may be less than the cost of removing the brush. The plaintiff is not obliged to remove it. The defendant may, with the plaintiff's license, remove it. In the assessment of damages for land taken for a highway, the question is not what the value of the land taken is, but, what is the damage to the whole tract by the taking of a part? Special benefits to the owner from the construction of the way, not shared by others, may be considered; also the increased expense of fencing, and any injury to the rest of the land from the taking of a part. *Adden* v. *Railroad*, 55 N. H. 413. In this case the injury may not have been confined to the strip covered by the brush, but may have extended to the whole tract. If A cuts down my shade-trees, my damages are not necessarily limited to their value for wood or timber. If he cuts and carries away my timber trees, if they are worth more to grow than to him as timber, my damages are not necessarily measured by their value as timber. *Foote* v. *Merrill*, 54 N. H. 490, 494. "The owner may sometimes be entitled to greater damages for the destruction or conversion of property than its market value: he may be entitled to damages for the consequential injury to other property, or to his feelings, for interruption of business, or loss of comfort and health." *Cocheco Co.* v. *Strafford*, 51 N. H. 455, 481;—see, also, *Holt* v. *Sargent*, 15 Gray 102, *Mayo* v. *Springfield*, 138 Mass. 70, *Jones* v. *Gooday* 8 M. & W. 146, *Day* v. *Woodworth*, 13 How. 368, and Mayne Dam. (Wood's ed.), s. 569. There must be a new trial on the question of damages.

*Exception sustained.*

BINGHAM, J., did not sit: the others concurred.

*Burnham & Brown*, for the defendant.

*R. M. Wallace*, for the plaintiff.