## WILLIAM BÁSCOM vs. PATRICK DEMPSEY.

Middlesex.   Nov. 16, 1886. — Jan. 10, 1887.   HOLMES & GARDNER, JJ.,
                                 absent.

An owner of land which is in the actual possession of a tenant cannot maintain
an action of tort in the nature of trespass for an act which is not alleged in the
declaration to be an injury to the reversion.

TORT.  The declaration alleged that the defendant forcibly
entered the plaintiff's close in Lowell, "and dug up and carried
away the soil thereof, and built buildings thereon, and placed
windows and window-frames thereon, and broke down and in-
jured a privy vault thereon, and committed other trespasses and
injuries thereon."   Trial in the Superior Court, before *Mason*, J.,
who allowed a bill of exceptions, in substance as follows:

The trespass complained of was committed in June, 1885.
The plaintiff proved title to the premises.  The evidence as to
the trespass tended to prove that the defendant dug holes and
built a part of a building on the premises, and, in excavating
for the foundation of the building, took away the soil from one
side of, and undermined, a large privy vault built of brick and
cement and about six feet deep, and situated on the plaintiff's
premises near the line of the defendant's premises, and cracked
the walls of the same and caused the contents to leak out, and
necessitated its repair by the plaintiff by lining the inside with
brick and cement; that in consequence of such breaking of the
vault and its leaking, the plaintiff, before repairing it, had been
complained of in the Lowell Police Court for maintaining it in a
leaky condition, had been found guilty, and sentenced to pay a
fine and costs.

The premises consisted of a block of stores fronting on Merri-
mack Street, and in the rear of the stores was an open yard,
in a part of which the holes were dug and the building com-
plained of was built, and in which was the privy vault before
described.

The yard and privy were used in common by the occupants of
the stores.  At the time of the trespass, the stores were rented

to different tenants by the plaintiff, and the tenants were then in actual possession.

The plaintiff testified that he had no possession of the premises except through his tenants. There was no evidence as to the character of the tenancy.

The judge, at the request of the defendant, ruled that the action could not be maintained, on the ground that the plaintiff had introduced no sufficient evidence of possession; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. H. Anderson*, for the plaintiff, cited *Starr* v. *Jackson*, 11 Mass. 519; *Baker* v. *Sanderson*, 3 Pick. 348; *Sumner* v. *Tileston*, 7 Pick. 198; *French* v. *Fuller*, 23 Pick. 104, 106; *Hastings* v. *Livermore*, 7 Gray, 194.

*N. D. Pratt & E. B. Quinn*, (*J. Marren* with them,) for the defendant.

FIELD, J. The ruling of the court was correct. If the plaintiff was not in possession " except through his tenants," who " were then in actual possession," and the acts of the defendant were an injury to the reversion, the declaration should have so alleged the facts. *Woodman* v. *Francis*, 14 Allen, 198. *Gooding* v. *Shea*, 103 Mass. 360. *Dearborn* v. *Wellman*, 130 Mass. 238.                              *Exceptions overruled.*