LOUISA M. ROCKWOOD *vs.* WALTER B. ROBINSON & another.

Middlesex.    January 20, 1893. — June 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trespass upon Land — Devise — Evidence — Damages.*

A testator, by his will, provided as follows : "I give, devise, and bequeath what is not otherwise disposed of by me, all the rest and residue of my estate to my sister, L., for and during her natural life, and she is empowered to sell and dispose of so much of my estate as will insure her a comfortable living, and to that end she is authorized to sell such portion of my real estate by public or private sale, giving good and sufficient deeds therefor, meaning and intending to give her full control of the same, with full power to deed to her grantees, their heirs and assigns forever. And at her decease I give and devise the balance of my estate of whatever name or nature to the town of N., but in trust, nevertheless," for certain purposes named. *Held*, in an action by L. for breaking and entering her close, which was included in the land devised to her by the will, that she could recover full damages.

TORT, for breaking and entering the plaintiff's close in Natick, and removing therefrom large quantities of loam, sand, and gravel.

At the trial in the Superior Court, before *Thompson*, J., without a jury, the plaintiff claimed title to the premises under the will of Collins Morse, deceased, the material clauses of which appear in the opinion. The plaintiff offered evidence tending to prove the value, as a commodity, of the materials taken by the defendants. The judge excluded the evidence offered ;

ruled that, under the provisions of the will, the plaintiff was a tenant for life, and that, as such, she was not entitled to recover the value of the materials taken by the defendants, as a commodity; and found for the plaintiff in the sum of $100. The plaintiff alleged exceptions.

The case was submitted on briefs to all the judges.

*L. H. Wakefield & G. L. Sleeper*, for the plaintiff.

*G. A. Blaney & S. Robinson*, for the defendants.

FIELD, C. J.   We assume that, in an action in the nature of *trespass quare clausum*, a tenant for his own life can recover only for the injury to his particular estate, and that this includes only the injury to the possession and enjoyment of the estate during his life, and that the reversioner can recover in an action on the case for the injury to the reversion. *Bascom* v. *Dempsey*, 143 Mass. 409.   When the plaintiff is in possession, and is the owner in fee, the damages are the diminished value of the property by reason of the trespass.   *Mayo* v. *Springfield*, 138 Mass. 70.   If the land contains gravel, sand, and other materials which, where the land is situated, are commonly bought and sold as a commodity, we think that the price commonly paid for such materials, as they lie in the land, may sometimes be competent on the question of the damages which an owner in fee has sustained by the removal of such materials. See *Providence & Worcester Railroad* v. *Worcester*, 155 Mass. 35 ; *Handforth* v. *Maynard*, 154 Mass. 414.

We suppose the real question in this case is whether the plaintiff can recover full damages as if she were the owner in fee.   The plaintiff claims title under the will of Collins Morse. The devise of the residue of his estate, which included the land in question, is in these words : " I give, devise, and bequeath what is not otherwise disposed of by me, all the rest and residue of my estate to my sister, Louisa M. Rockwood, for and during her natural life, and she is empowered to sell and dispose of so much of my estate as will insure her a comfortable living, and to that end she is authorized to sell such portion of my real estate by public or private sale, giving good and sufficient deeds therefor, meaning and intending to give her full control of the same, with full power to deed to her grantees, their heirs and assigns forever.   And at her decease I give and devise the

balance of my estate, of whatever name or nature, to the town of Natick, but in trust, nevertheless, the income of which is to be used for the preservation of the monument which my executor is hereby authorized to erect at my grave, and for the care and beautifying of my lot in the cemetery : a report of the expenditure shall be made in the annual report of the proceeding of said town; that the town shall not expend a greater sum than four per cent per annum, deeming that as large amount as the town ought to pay."

It is perhaps not entirely clear, from this language, whether the plaintiff is given absolutely the power to sell the land, or any part of it, when she sees fit, and to receive the proceeds, or is so restricted that she can sell it only when it is in fact necessary to " insure her a comfortable living." Under either construction it cannot now be known whether any part of the land or its proceeds will ever come to the town of Natick, or whether she will not need all the damages occasioned by the trespass complained of for her comfortable living. Under these circumstances, if the town of Natick should recover any damages for this trespass it would hold the proceeds subject to her claim upon them, if she needed them or thought she needed them for her comfortable living. If she should recover full damages, and should use the money recovered for her comfortable living, she would have less need of selling any part of the land for that purpose. It would be more convenient in practice to permit only one recovery for the entire damages than to attempt now to apportion the damages according to the respective interests of the plaintiff and the town of Natick, and then to require the town of Natick to hold the sum recovered by it for her use if she should need it during her life. A mortgagee of land is permitted to recover full damages in such a case as this, even when the trespass does not reduce the value of the land below the point of adequate security, although he must account with the mortgagor for any sum so recovered, if the land is ultimately sold by the mortgagee under a power, or is redeemed by the mortgagor. *James* v. *Worcester*, 141 Mass. 361, and cases there cited. A bailee of personal property is permitted to recover full damages for an injury to the property. *Brewster* v. *Warner*, 136 Mass. 57.

A majority of the court think that the more reasonable solution of the difficulty is that the plaintiff, under the facts shown, should recover full damages. Whether, if the town of Natick should intervene, the court in this action at law might, or whether a court of equity might, if thought necessary, require the plaintiff to give security that she would hold the proceeds for the purposes indicated in the devise, need not now be considered. The defendants ought to pay full damages if they are trespassers, and it does not greatly concern them whether they pay to one person or to two. *Attersoll* v. *Stevens,* 1 Taunt. 183.

*Exceptions sustained.*