MARTHA A. WILLIAMS *et al. vs.* HENRY B. HATHAWAY.

PROVIDENCE—FEBRUARY 26, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Trespass.  Measure of Damages.*

In an action of trespass for entering the plaintiffs' close and carrying away soil, the good faith of the defendant not being in question, the measure of damages is the value of the soil as it lay on the lot, without allowance to the defendant for any resulting benefit to the lot through bringing it to grade.

*Aliter*, if the plaintiffs had received value by way of an addition to their property.

(2)  *Evidence.  Expert Witness.*

In an action of trespass *q. c.* on an issue as to the value of certain trees, a witness who had bought and sold some lots for himself, not in the vicinity of the *locus in quo*, some of the lots having trees and some not, but there being nothing to show that in either case the trees affected the price, except in one instance an expression of a purchaser subsequent to the sale, is not qualified to testify as an expert.

TRESPASS *quare clausum fregit.*  The facts are stated in the opinion.  Heard on petition of the defendant for a new trial.  New trial granted unless plaintiffs remit portion of verdict.  For previous opinion in this case see 20 R. I. 534.

(1)  STINESS, J.  The instruction of the trial judge that in assessing damages the jury should not allow for any resulting improvement to the lot in question was correct.  The reason is obvious.  The action being trespass for entering the plaintiff's close and carrying away soil, the measure of damages is the value of the soil as it lay on the lot, no question being made but that it was done in good faith.  If the plaintiffs had sold the soil they would have got its value and have had the resulting benefit of grading besides.  To deduct the benefit, therefore, from the price of the soil taken away would deprive them of the value of the improvement which they might have had, in addition to such price, but for the unlawful act of the defendant.

The cases cited by the defendant are of a different charac-

ter.   Such as may be considered here are cases where the defendant has added improvements to a plaintiff's land which he would not otherwise have had, and as they became the plaintiff's property it was held that his damage was less by the value thus added.   In *Mayo* v. *Springfield*, 138 Mass. 70, the defendant put earth upon the plaintiff's lot, which the latter used in filling up other parts of the close.   In *Morrison* v. *Robinson*, 31 Pa. St. 456, a building was erected on the plaintiff's land.   So also in *Putnam* v. *Ritchie*, 6 Paige (N. Y.), 390.   It is clear that where one has received value by way of an addition to his property his damage is thereby less.   The defendant in this case added nothing to the plaintiffs' property.

*Luther* v. *Winnisimmet*, 9 Cush. 171, was an action on the case for resulting damage from the defendant's filling of his own land.   In such a case benefit would necessarily enter into the measure of damage.   Other cases cited were trespass for *mesne* profits, which do not apply to the question here raised.

(2)   At the trial the defendant objected to the opinion of a witness as to the value of two trees which stood upon this lot and which were removed by the defendant.

His testimony should not have been admitted.   He was neither an expert as to trees nor as to the value of land. He had bought and sold some lots for himself, but not in the vicinity of the lot in question.   Some of the lots had trees on them and some did not, but he did not show that in either case the trees affected the price, except that in one instance where he sold a lot with a tree on it the purchaser afterwards told him that he would not have that tree removed for five hundred dollars.   This does not qualify one to testify as an expert, and otherwise he showed no special knowledge.   See Rapalje on Witnesses, § 293, and note 2.   *Forbes* v. *Howard*, 4 R. I. 364.   He gave his opinion that the trees were worth $100.   The verdict of $322 was more than the value proved for the soil, and it may have been enhanced by the witness's estimate of the value of the trees, and by the claim that the lot was damaged by being left slightly below grade in the

centre.   We will assume that the jury found some damage to the lot, though none was proved in any definite amount, but as to the testimony improperly admitted about the value of the trees, there should be a reduction.   Allowing for some value and for their worth as wood, about which there was some testimony, a new trial will be granted unless the plaintiff will remit the excess of the verdict over $250.

Case remitted for further proceedings.

*George A. Littlefield*, for plaintiffs.
*William A. Morgan*, for defendant.