WILLIAM E. BOWEN & others *vs.* LLEWELYN F. JONES.

Bristol.   October 27, 1919. — November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Damages,* In tort.   *Trespass.   Burial Ground.*

The rule, often applied in actions of tort for trepass 'upon real estate, that the measure of damages is the difference between the fair market value of the property before the trespass and its fair market value immediately afterwards, is not applicable in an action of tort for trespass upon a family burial ground.

Where, in an action of tort for trespass upon a burial ground by the building of a road therein, it appears that the building of the road was a wrongful act from which the plaintiff had a right to be relieved and that the most economical way of repairing the injury was by restoring the premises to their former condition, the cost of such restoration may be found to be the accurate measure of damages.

A finding of an auditor, to whom the action above described was referred, which the parties agreed should be final, that no physical injury was done to the land by the driveway, and that the building of the road damaged the plaintiff to the amount of $100, did not require a ruling that the plaintiff was entitled to nominal damages only.

TORT for trespass upon a family burial ground.   Writ dated November 28, 1916.

The action was submitted to an auditor.   Material facts found by the auditor are described in the opinion.   After the filing of

the auditor's report, the parties agreed that the findings of the auditor upon questions of fact should be final, and "that, if the cost of removing gravel placed on the driveway by the defendant and to replace the loam carted away, is the proper measure of damages, judgment shall be entered for the plaintiff in the sum of $70 (only eight of ten possible plaintiffs joining in the action and one having since deceased)."

The action was heard in the Superior Court upon the auditor's report by *Sanderson*, J. The plaintiffs asked for and the judge gave the following rulings of law:

"1. The cost of removing gravel, etc., placed in the cemetery by the defendant in building a road, and the cost of restoring the premises to their former condition, are to be considered in connection with other circumstances in estimating the plaintiffs' damage.

"2. Where all other damages shown are nominal, the measure of damages in an action for trespass for entering into a cemetery and building a road therein is the cost of removing the material placed in the cemetery in building the said road, and the cost of restoring the premises to their former condition.

"3. If damage shown is nominal only, the plaintiffs request that the court certify that in this action, the title to land is in question, and that the plaintiffs are entitled to costs."

The defendant asked for and the judge refused to give the following rulings:

"1. The measure of damages is the difference between the fair market value of the property before the alleged trespass by the defendant and its fair market value immediately afterwards.

"2. As the auditor has found that no actual physical injury was done to the land by the driveway, the plaintiffs are entitled to nominal damages only for the driveway."

The judge found for the plaintiffs in the sum of $70; and the defendant alleged exceptions.

The case was submitted on briefs.

*F. S. Hall & S. P. Hall*, for the defendant.

*A. Fuller*, for the plaintiffs.

CROSBY, J. This is an action of tort in the nature of trespass upon a family cemetery. The case was referred to an auditor whose findings upon questions of fact it was agreed should be

final. He found, in part, as follows: That the defendant built a road, across the cemetery to his adjoining land on the east and thence on his own land to his garage, by digging out the loam on a strip about ten feet wide to a depth of five inches or more and filling in with five inches of gravel; that while no physical damage was done to the land, its appearance was changed and it was subjected to a use which was not suitable; that, aside from building the road, all other damages suffered by the plaintiffs by reason of the acts of the defendant were merely nominal. The auditor's report was the only evidence before the judge of the Superior Court, who found for the plaintiffs. He made three rulings requested by the plaintiffs and refused to make two requested by the defendant. To the rulings so made and refused, the defendant excepted. The questions presented relate solely to damages.

The defendant contends that the measure of damages is the difference between the fair market value of the property before the alleged trespass and its fair market value immediately afterwards. This contention cannot be sustained. While the difference in market value of land before and after trespass thereon is often the correct rule, it is not applicable to a case of this kind. Ordinarily it would be difficult, if not impossible, to prove the market value of a family cemetery or that it had any market value.

If, as the judge may have found, the most economical way of repairing the injury done was by removing the gravel used in building the road and restoring the burial ground to its original condition, the measure of damages adopted was correct. Accordingly, the ruling of the trial judge that the measure of damages was the cost of removing the material placed in the cemetery in building the road and of restoring the premises to their former condition, was rightly made. It is agreed that if such cost is the proper measure of damages judgment is to be entered for the plaintiffs in the sum of $70. *Loker* v. *Damon,* 17 Pick. 284. *Holt* v. *Sargent,* 15 Gray, 97. *Cavanagh* v. *Durgin,* 156 Mass. 466. *Childs* v. *O'Leary,* 174 Mass. 111, 116. The case of *Hopkins* v. *American Pneumatic Service Co.* 194 Mass. 582, is not at variance with the conclusion here reached; the facts in that case distinguish it from the case at bar.

The finding of the auditor that no physical injury was done to

the land by the driveway and that the building of the road damaged the plaintiffs to the amount of $100, did not entitle the defendant to a ruling that the plaintiffs were entitled to nominal damages only.  If the trespass committed by the defendant in building the road was a wrongful act from which the plaintiffs had a right to be relieved, and if the most economical way of repairing the injury was by restoring the premises to their former condition, as the judge could have found, the cost thereof was the accurate measure of damages.

The first and second rulings requested by the plaintiffs and made by the judge were correct.  As the plaintiffs' recovery is not limited to nominal damages, their third request is not applicable.  The defendant's requests were rightly refused.

*Exceptions overruled.*