Gillen, J.
This is an action of tort brought by the plaintiff corporation to recover for damages to the premises of the plaintiff allegedly caused by neglect of the defendant on January 12,1939 in locating a leak in certain gas meters oh said premises, as a consequence of which a fire broke out and damaged the premises.
At the trial the plaintiff introduced evidence from which the Court could find that the plaintiff had title to the premises at #4 and 6 Vinal Street, Allston, which was an apartment house of brick occupied by various tenants, both at will and under leases, the nature and extent of which does not appear; that one Larsen, superintendent of that building, had noticed an odor of gas in the first floor rear hallways of both sections of this building about January 5th and had notified his superior. On January 12th he spoke to a salesman of the defendant of the odor and at about 7:00 P. M. two employees of the defendant cam© to the premises and *53 went to work at remedying the cause of the odor. There was evidence that this was done in both sections of the building by holding a lighted match near the meters and, on observing small flames about as large as a pea at some points on two or three meters in each section, soap would be applied to the leak, thus filling in the hole or crack. The small flame would thereupon be extinguished. In the section known as #4 the workmen were about to leave the meters when Larsen called their. attention to a small flame still burning. This was soaped and extinguished before the men left the premises which was at about 7:30 P. M.
At about 3:00 A. M. of January 1.3th, Larsen was awakened by a noise and found smoke and flame in the rear hall and stairway of #4. Firemen arrived at about 3:10 A. M. and extinguished the fire.
Access to the location of the meters in #4 was provided by a front door which opened onto a hall and stairway, then through a door into the rear hall from which a stairway ascended. A door led from the rear hall to a driveway and parking lot at the rear of the building.. The meters were from 4-6 feet above the floor and about six inches removed from a partition of brick at their back, and about a foot of space extended from the topmost meter to the plaster ceiling. Opposite the meters in the hall and about five feet distant, was an incinerator of brick in which there was a fire burning at times during the evening. The rear door leading to the driveway and the door leading to the front hall were unlocked at all times and open to passage by anyone that evening and night. Two occupied apartments and the furnace room had entrances onto the rear hall where the meters were placed. Numerous electric meters were on the opposite wall nearer to the rear door.
There was evidence that Larsen had passed through the hall where the meters were located, walking between the *54 meters and the incinerator, at about 8:00 P. M., at about 11:00 P. M. and again at 11:20 P. M. At none of these times had he smelled any odors nor seen any flame or smoke. When he saw the fire at 3:00 A. M. there were flames around the meters.
Assistant Fire Chief Crowley who qualified as an expert on fires testified he arrived in response to an alarm received at 3:07 A. M. and went into the building at 3:10 A. M. He found four meters burning in #4 and found the ceiling above the meters in flames, with smoke all through the upper floors and some flame and smouldering wood in apartments on the floor above the meters.
In his opinion the fire had its origin at the meters. "When asked in direct examination whether in his opinion the fire was probably caused by the workmen’s acts in leaving a flame at the meters at 7:30 P. M. on January 12th, he said that in his opinion such an act was probably not the cause of the fire he found at 3:10 A. M. on January 13th.
The defendant’s employees testified that when they left at about 7:30 P. M. on January 12th, no gas was leaking, that the method of soaping the leaks was proper and effect tive as a temporary repair and that they had ordered new meters to be installed during the next day.
A list of repair work to the building necessitated by the fire and the fair cost of the same in the amount of $1275.00 was admitted by the defendant to be what a qualified expert in such matters would testify to if called by the plaintiff.
At the conclusion of the evidence and before arguments the defendant filed the following requests for rulings:
“1. The evidence does not warrant a finding that the defendant was negligent.
“2. The evidence does not warrant a finding that the ■defendant’s servants were the sole persons who had access to the meters during the period from 7:30 P. M. to the time when the fire started.
*55 “3. The Court is not warranted in inf erring or finding that other persons than the defendant’s servants who had access to the meters prior to the fire did not cause a leak to occur.
“4. The evidence does not warrant a finding that any meter or connection was leaking when the servants of the defendant left the premises.
“5. The evidence does not warrant a finding that the defendant’s servants did not use reasonable means in remedying the leaks discovered.
“6. The plaintiff is not entitled to recover for damage done by the fire to any part of the premises which was at the time demised to a tenant.
“7. The right of the plaintiff to recover for this damage to its building is based on the right to possession, and not on its legal title.
“8. The evidence does not warrant a finding that the plaintiff had any right to possession of the premises which were damaged by fire.
“9. If the plaintiff has not proved that it had a right to possession of the premises which were damaged, the finding in this case must be for the defendant.
‘110. The evidence does not warrant a finding as to the extent of the plaintiff’s possessory interest in the premises from which the Court can find what damage was done to said interest of the plaintiff..
“11. The plaintiff cannot recover on the basis of its declaration in this case for damage to any reversionary interest it may have had in the premises which were damaged by this fire.”
The Court denied numbers 1, 5, 6, 7, 8, 9,10 and 11. Number 3 was noted “Denied, no evidence otherwise”. Number 4 was noted “Denied, see facts found”. Number 2 was allowed.
The Court made the following findings of fact:
“I find as a fact that the janitor, of the premises that were damaged by fire, gave notice to the Gas Company that there was a leak in the gas meters. About seven o’clock on the evening on which the janitor notified the Gas Company of the leak, the Emergency 'Squad of the Gas Company arrived, there were two men.
*56 “I find that the Gas Company men lighted a match and applied it to the meters in order to ascertain where the leak was and further that upon holding the lighted match to the meters from several of them a small flame became ignited and showed clearly.
“When the Gas Company men saw the flame they applied soap to the place where the flame was and that put out the flame. After they had done this to ■several of the meters and as they, the Gas Company employees, were about to leave, the janitor called their ■attention to a place where they had still left a flame and then one of the men applied some soap and the Gas Company men left the building.
“I find that about 3:0Q A. M. the following morning a fire broke out around the meters and went up through the building, causing the damage complained of here.
“I find that the fire started at the meters and was centered around them.
“I find that the negligence in the manner of soaping the leaks was the cause of the fire, after the Gas Company men had lighted the flames around the meters, in their search for leaks.”
The Court made a finding for the plaintiff in the sum of $1275.00.
The defendant claiming to be aggrieved by the rulings and refusals to rule as requested, I hereby report the same to the Appellate Division for determination.
On all the evidence in the case the trial judge was warranted in reaching a conclusion that the fire was caused by .the negligence of the defendant’s agents; that the work on the meters was not performed with reasonable care. Ferguson v. Boston Gas Light Co. 170 Mass. 183. After apparently having soaped, the meters in section #4 and when the defendant’s workmen were about to leave the locus of the meters a small flame was discovered still burning; this was then soaped and extinguished.
When later the fire was under way the four meters were burning in section #4; the ceiling above the meters was in flames and there were flames around the meters. In *57 the opinion of the assistant fire chief, the fire had its origin at the meters. This warranted an inference that the fire was caused by the negligent work of the defendant’s agents.
Nor do we think that the element of time from the soaping of the meters until the subsequent discovery of the flaming meters prevented the conclusion of cause as the negligence of the workmen. Comm. v. Sokorelis, 254 Mass. 454 at 458, Bowen v. Boston & Albany Railroad, 179 Mass. 524 at 527.
However, we are in doubt that the trial judge properly instructed himself on the law in relation to damages.
The plaintiff sought damages for the injury to its reversionary interest in the real estate. No contention has been made otherwise.
But the defendant has raised the point in the brief and argument that by reason of this the declaration should have contained a count for damage to the reversion. Hersey v. Chapin, 162 Mass. 176.
Without attempting to discuss the law relative to damage to possessory rights as distinguished from reversionary interests as set forth in Starr et al v. Jackson, 11 Mass. 519, Cushing v. Kenfield, 5 Allen 307, Woodman et al v. Francis, 14 Allen 198, Dearborn v. Wellman, 130 Mass. 238, Bascom v. Dempsey, 143 Mass. 409, Anthony v. N. Y. P. & B. Ry. Co., 162 Mass. 60, Moeckel v. C. A. Cross, 190 Mass. 280, we hold that the treatment of the defendant’s requests numbered 6 to 11 relative to damages coupled with the absence of specific findings of facts on this phase of the case, Bresnick v. Meath, 292 Mass. 293, create such a doubt of proper instruction as to warrant a new trial solely on the question of damages.
Application can then be made to the trial judge for permission to amend the declaration if necessary.
New trial ordered as to damages.