FRANCIS J. GALLAGHER *vs.* R. E. CUNNIFF, INC.

Suffolk.    April 8, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Trespass. Conversion. Damages,* For tort. *Pleading, Civil,* Declaration. *Evidence,* Opinion: expert. *Witness,* Expert.

An owner of land was entitled to join in the declaration in an action of tort a first count for diminution in the market value of his land caused by acts of trespass of the defendant thereon and a second count for the fair market value of soil converted and removed by the defendant.

Upon conflicting evidence, including testimony that a gasoline-powered shovel was seen trespassing on the plaintiff's land and removing soil therefrom and loading it onto trucks bearing the names "Cunniff" and "R. E. Cunniff," a finding was warranted that such acts were done by a defendant named "R. E. Cunniff, Inc."

A trespass consisting of the removal of almost one thousand cubic yards of fill from a lot could be found to be a permanent injury to the lot for which the measure of damages would be the resulting diminution in market value.

On the hearing of an action of tort where diminution in the value of the plaintiff's land caused by an excavation was an issue, he properly was permitted to testify as owner and as a real estate expert duly qualified as to the market value of the land before and after the excavation.

TORT.   Writ in the Municipal Court of the City of Boston dated October 11, 1939.

Upon removal to the Superior Court, the case was heard by *Spalding,* J., without a jury.

*J. E. Levine,* for the defendant.

*R. J. Coffin & T. H. Mahony,* for the plaintiff, submitted a brief.

RONAN, J.   In this action of tort the plaintiff seeks, in the first count of his declaration, to recover damages for trespass on account of the excavation of gravel by the defendant from a lot of land described in said count, and, in a second count, damages for conversion of sand, gravel and fill from his property.   The judge found for the plaintiff on the first count in the sum of $750 for damages to the plaintiff's lot up to the street line, and in the sum of $75 on the second count

for the fair market value of the soil removed from the tract of land between the front line of the plaintiff's lot and the middle line of the adjoining way. The case is here on various exceptions taken by the defendant.

The judge allowed the plaintiff to amend the declaration by striking out a statement that both counts were for one and the same cause of action. The judge, notwithstanding the defendant's contention that both counts were for conversion, was right in considering the declaration as alleging two separate and distinct causes of action, the first in trespass and the second for conversion. Both actions sounded in tort and could be joined in a single declaration. G. L. (Ter. Ed.) c. 231, § 7, Fifth. *Flye* v. *Hall*, 224 Mass. 528. *Barnett* v. *Loud*, 243 Mass. 510.

The defendant contends that the evidence was insufficient to warrant a finding that the defendant had done any excavating upon the plaintiff's land. The plaintiff's land was located on Thompson Street in that part of Boston known as Hyde Park. The street was a rough, undeveloped way in front of the plaintiff's lot and this way ran by private land, not owned by the plaintiff, for a distance of two hundred ninety-six feet to the developed portion of Thompson Street. The record is meager as to whether the way was a street beyond the part that had not been wrought for travel. Nothing raised by the exceptions refers to this matter. The judge took a view. We consider the case as presented by the parties. The defendant was engaged in the business of selling loam and fill and owned five gasoline-powered shovels and six trucks. The shovels bore no name other than that of their manufacturer but each of the trucks bore the defendant's name on the front over the cab. The defendant's president and treasurer testified that he was in the vicinity of the plaintiff's land in the fall of 1938, but that the defendant did not remove any material from the plaintiff's land. He further testified that it would not pay anyone to move a shovel to the plaintiff's lot to remove nine hundred eighty cubic yards of fill. The defendant's bookkeeper testified that, while the defendant had leased shovels and trucks to others, at no time during the fall of 1938 had

a shovel and three trucks been rented to anyone. On the other hand, the plaintiff introduced evidence that a shovel was working on the plaintiff's land and on occasions one, two and three trucks, each bearing the name "Cunniff" were waiting to be loaded. There was further evidence that the trucks that were hauling the fill had the name "R. E. Cunniff" on a sign on the front over the cab. The general and special findings of a judge in an action at law must stand if they are warranted upon any possible view of the evidence together with all rational inferences that may be drawn therefrom. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Howard* v. *Malden Savings Bank*, 300 Mass. 208. The evidence, if believed, warranted a finding that the removal of gravel from the plaintiff's lot and from the way in front of his lot was done by the defendant. *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465. *Hopwood* v. *Pokrass*, 219 Mass. 263. *Heywood* v. *Ogasapian*, 224 Mass. 203. *Buckley* v. *Sutton*, 231 Mass. 504. *Breen* v. *Dedham Water Co.* 241 Mass. 217. *D'Arcangelo* v. *Tartar*, 265 Mass. 350. *Altoonian* v. *Muldonian*, 277 Mass. 53.

The excavating of nine hundred eighty cubic yards of fill from the plaintiff's lot could be found to be a permanent injury to the realty. The measure of damages was the diminution in the market value due to this injury. *Fowle* v. *New Haven & Northampton Co.* 112 Mass. 334. *Hopkins* v. *American Pneumatic Service Co.* 194 Mass. 582. *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5. *Crystal Concrete Corp.* v. *Braintree*, 309 Mass. 463. The plaintiff was entitled to access to his lot. The removal of seven hundred thirty cubic yards of gravel from that portion of the plaintiff's land lying between the middle line and the side line of the way might well be found to cut off the lot from the way. The defendant does not contend that the plaintiff was not entitled to recover the fair market value of any gravel removed from this area if shown to have been removed by the defendant. The judge was right in allowing the plaintiff the fair market value of the material removed by

the defendant from this portion of the plaintiff's land. *Holt* v. *Sargent,* 15 Gray, 97. *Handforth* v. *Maynard,* 154 Mass. 414. *Providence & Worcester Railroad* v. *Worcester,* 155 Mass. 35. *Cavanagh* v. *Durgin,* 156 Mass. 466. *Rockwood* v. *Robinson,* 159 Mass. 406. *Childs* v. *O'Leary,* 174 Mass. 111. *Hunt* v. *Boston,* 183 Mass. 303. *Bowen* v. *Jones,* 234 Mass. 90. *Belkus* v. *Brockton,* 282 Mass. 285.

The judge, subject to exceptions by the defendant, permitted the plaintiff as owner of the land and as a real estate expert, duly qualified as such, to testify as to the market value of the plaintiff's land before and after the excavation which was the subject of the action. There was no error. *Vandine* v. *Burpee,* 13 Met. 288. *Shea* v. *Hudson,* 165 Mass. 43. *Gray* v. *Tobin,* 259 Mass. 113, 116. *Blabon* v. *Hay,* 269 Mass. 401, 409. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499.

There is nothing in the denial of the defendant's requests calling for further discussion.

*Exceptions overruled.*