RALPH SUSI *vs.* M. H. PEAVEY TRANSPORTATION CO.

Suffolk.    December 8, 1949. — December 30, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Conversion.*

An action for conversion of property by forcing a lock on a storage shed and taking the property away in trucks could not be maintained against a corporation not identified by the evidence with such conduct.

TORT.    Writ in the Superior Court dated November 25, 1944.

The action was tried before *Swift*, J. Besides the evidence described in the opinion, the plaintiff testified that, after the removal of his property, he saw some of it in a certain yard in Dorchester, and there was evidence that the premises there consisted of an office and a storage yard, that the office was occupied jointly by the defendant and another corporation, that the other corporation was not employed by or connected with the defendant, that the yard was used by the other corporation, and that the defendant stored its trucks in the driveway of the yard.

*N. Robins*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

LUMMUS, J. This is an action for the conversion of tools and equipment. The jury returned a verdict for the plaintiff. The only exception of the defendant is to the denial of a motion for a directed verdict in its favor.

The evidence for the plaintiff was as follows. The property was contained in a shed occupied by the plaintiff and one

Callahan.   The plaintiff went to the shed on June 15, 1944, and found that the lock had been forced and both his property and Callahan's had been removed.   The plaintiff's wife testified that she saw several men and trucks engaged in removing the property of the plaintiff and Callahan. The men were unknown to her and there was no name on the trucks.   The conduct of the men was not connected with the defendant.   We think that the verdict for the plaintiff was not warranted by any evidence, and that the denial of the defendant's motion for a directed verdict was error. The evidence was much weaker than that in *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7.

*Exceptions sustained.*
*Judgment for the defendant.*