*Northern District*

No. 5213

**LESTER SAIPE**

v.

**DANIEL E. RAUSTIS**
**AND**
**GEORGETTE E. RAUSTIS**

(January 15, 1959)

*Present*: Gadsby, P. J., Eno and Brooks, JJ.

Case tried in the Fourth District Court of Eastern Middlesex.
No. 820 of 1956.

*Brooks, J.* This is an action of tort in four counts, originally against Daniel E. Raustis and Georgette E. Raustis. This appeal involves only Daniel E. Raustis for reasons which will appear. Count 1 alleges in substance that defendants wrongfully entered upon plaintiff's property and in the process of excavating thereon, took away soil, trees, and shrubs, and otherwise damaged said property. Count 2 alleges that defendants willfully and without license, destroyed plaintiff's trees, shrubs, and soil, for which plaintiff is entitled to triple damages under G. L. c. 242, §7. Count 3 alleges that defendants converted to their own use, soil, gravel, trees, and shrubs of plaintiff. Count 4 alleges that defendants wrongfully excavated plaintiff's property and left same in dangerous condition, constituting a nuisance. Defendants answered in General Denial.

*There was evidence that defendant,* Daniel E. Raustis, purchased a lot of land adjacent to one owned by plaintiff, and proceeded to construct a home. Defendant's lot was con-

siderably lower than that of plaintiff's; that in order to level the lot preparatory to excavating the cellar and constructing the house, it was necessary to build a retaining wall. During his operations, defendant inadvertently cut into plaintiff's land and removed soil, trees, and shrubs, belonging to plaintiff. The evidence was conflicting as to whether plaintiff had given defendant permission to enter his property, except to remove one tree on the boundary line.

After the defendant's original entry and excavation, a re-survey was had of the boundary line, clearly establishing the boundary. The retaining wall, built by defendant, turned out to be too low to give adequate support to plaintiff's land.

· Plaintiff filed the following requests for rulings which the court disposed of as indicated below:

1. The defendants did in fact commit a trespass upon the property of the plaintiff, and that the said plaintiff was greatly damaged thereby. *Allowed.*

2. The defendants did in fact commit a trespass and without license and wilfully cut down, carried away and otherwise destroyed trees, timber wood, or underwood belonging to the plaintiff. *Denied.*

3. The defendants did in fact commit a trespass and wrongfully excavated part of the plaintiff's land and soil to the extent of several feet and took and carried away the soil together with trees, timber wood, or underwood and converted the same to their own use. *Allowed. Disallowed as to trees and timberwood.*

4. That as a matter of fact the elements of damage suffered by the plaintiff as a result of the wrongful conduct of

the defendants would be the value of the plaintiff's property converted, being specifically the soil, gravel, trees, lawn, and underwood, together with the value of the loss of lateral support of the plaintiff's property. *Allowed. Disallowed as to trees, lawn, and underwood.*

5. That as a matter of fact the element of damage suffered by the plaintiff as a result of the wrongful conduct of the defendants would be the difference between the value of the plaintiff's property as a whole before the wrongful conduct and the value of the said property after the wrongful conduct. *Allowed.*

6. That as a matter of fact the plaintiff's property did, to some extent, lose its natural right of lateral support. *Allowed.*

7. That as a matter of fact as a result of the defendants' conduct the property of the plaintiff has been left in a hazardous condition and otherwise consists of a private nuisance. *Denied.*

8. That as a matter of law the plaintiff is entitled to triple damages in accordance with G. L. (Ter. Ed.) c. 242, §7. *Denied.*

9. As a matter of law, upon all the evidence, the plaintiff is entitled to recover. *Allowed.*

10. That as a matter of law, upon all the evidence, the plaintiff should be entitled to the execution of the privileges as provided in G. L. (Ter. Ed.) c. 243, §1, relating to a private nuisance. *Denied.*

Defendant filed the following requests for rulings, which the court disposed of as indicated below:

1. That plaintiff has failed to maintain by a fair preponderance of the evidence conversion of plaintiff's property. *Denied.*

2. That plaintiff has failed to maintain by a fair preponderance of the evidence that defendants wrongfully

broke and entered the plaintiff's close. *Denied.*

3. That plaintiff has failed to maintain by a fair preponderance of the evidence that defendants trespassed on plaintiff's property. *Denied.*

4. That plaintiff has failed to maintain by a fair preponderance of the evidence that defendants wilfully, without license, cut down or damaged the plaintiff's trees and brush. *Allowed.*

5. That plaintiff has failed to maintain by a fair preponderance of the evidence that defendants wilfully excavated the plaintiff's property. *Denied.*

6. That plaintiff has failed to maintain by a fair preponderance of the evidence that defendants left the plaintiff's property in a dangerous and hazardous condition. *Denied.*

7. The measure of damages, if there is a right of recovery, is the difference, if any, between the fair market value of the property before the alleged trespass by the defendants and its fair market value immediately afterwards. *Hopkins v. American Company,* 194 Mass. 582. *Allowed.*

8. The measure of damages, if there is a right of recovery, for conversion for sand and gravel is the fair market value of the sand and gravel. *Gallagher v. R. E. Cunniff, Inc.,* 314 Mass. 7. *Allowed.*

On May 29, 1957, the court found for plaintiff on count 1, in the sum of $850; for plaintiff on count 3, in the sum of $100; and for defendants on counts ##2 and 4.

Defendants filed a motion for a new trial and subsequently, a draft report, which contained no reference to plaintiff's requests for rulings, nor to the court's findings, and was otherwise, incomplete.

After a hearing on the motion for a new

trial, which was denied, the court, on June 19, 1957, filed revised findings. The judge found for plaintiff against defendant, Daniel E. Raustis, on count 1, in the sum of $850; for plaintiff against Daniel E. Raustis on count 3 in the sum of $100; for the defendant Georgette E. Raustis, on counts ##1 and 3; and for both defendants on counts ##2 and 4.

The draft report filed June 10, 1957, was allowed February 13, 1958, and came on for hearing before the Appellate Division on May 21, 1958. Because of incompleteness, the report was returned to the trial court.

On October 30, 1958, an amended report was filed with the Appellate Division. This report contained the requests for rulings of both parties, and the trial judge's revised findings. The report stated that it contained all the evidence material to the questions reported, and that defendant claimed to be aggrieved by denial of his requests, 1, 2, 3, 5, and 6, and by the allowance of plaintiff's requests, 1, 3, 4, 5, 6, and 9. The case was argued before the Appellate Division on the amended report, November 26, 1958.

Defendant has set forth several alleged errors in the court's rulings, only one of which we need consider, since in our opinion, it was prejudicial error and calls for a re-trial of the case. Plaintiff's 9th request for ruling that: "As a matter of law, upon all the evidence, the plaintiff is entitled to recover" is equivalent to a ruling that as a matter of law, upon all the evidence, defendant cannot prevail.

There was evidence before the court that defendant had been authorized by plaintiff to enter and carry on operations on plaintiff's property. This evidence, the judge apparently did not believe, but had he believed it, as he might have, his decision would have been different. It cannot fairly be said, therefore, that as a matter of law, defendant was not entitled to recover. The judge could have denied the request with an explanation, and made the situation quite clear, but he could not grant the request in face of the evidence recited in the report. Such a request can rarely be given, and then only when there is no credible evidence to support the defendant's case. *Castane v. Leone,* 278 Mass. 429, 431; *Mericantante v. B & M RR.,* 291 Mass. 261, 262; *Pearson v. O'Connell,* 291 Mass. 527, 529.

The rule that a general finding by a district-court judge imports the finding of all subsidiary facts necessary to that conclusion, cannot be invoked to justify an erroneous ruling on a proper request. *Home Savings Bank v. Samuel Savransky,* 307 Mass. 601, 605, and 606. *Finding to be vacated, and case remanded for a new trial.*

*F. M. Geremonte,* of Stoneham, for the plaintiff.

*Melvin J. Levine,* of Wakefield, for the defendant.