SAMUEL B. HOPKINS & another, executors, *vs.* AMERICAN PNEUMATIC SERVICE COMPANY.

Suffolk.   January 14, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.   Damages.   Evidence.   Witness,* Cross-examination.

In an action by the owner of a building against the owner of the adjoining land for negligence in digging a trench on his own land so near the party wall that the plaintiff's building settled, whereby it was damaged and its rental value diminished, the measure of damages is the difference between the fair market value of the plaintiff's property before the injury caused by the defendant and its market value after such injury, and the cost of restoring the property to its former condition is not necessarily the criterion for determining the damage.

In an action by the owner of a building against the owner of the adjoining land for negligence in digging a trench on his own land so near the party wall that the plaintiff's building settled, whereby it was damaged and its rental value diminished, the plaintiff testified that his tenant left him by reason of the injuries caused by the defendant. On the plaintiff's cross-examination the defendant was allowed to show, subject to the plaintiff's exception, that the plaintiff had demanded a large sum for damages to his property on account of the diminution of its rental value by the construction of an elevated railway in the street in front of the premises, that he made a claim against the corporation operating the elevated railway and got damages "for light, air and noise," receiving $5,100 for injury to this property and the adjoining one. *Held,* that this testimony was in the nature of an admission by the plaintiff that the rental value of his property was greatly diminished from causes other than the wrongful acts of the defendant, and that this fact prop-

erly might affect the weight of his direct testimony in which he imputed the loss of his tenant to the undesirability of his property for occupation caused by the digging of the trench; consequently that the judge in his discretion well might admit the testimony in cross-examination.

TORT, originally by Rebecca M. Hopkins, for damages to her land and building numbered 1508 on Washington Street in Boston from the negligent digging by the defendant of a trench on its adjoining land near the party wall, which caused the plaintiff's building to settle, whereby it was alleged that the building was damaged and depreciated in value, that the plaintiff lost tenants and that the rental value of the building was diminished permanently.   Writ dated November 16, 1901.

On November 11, 1902, Rebecca M. Hopkins died and Samuel B. Hopkins and Addie L. Meins were appointed executors of her will.   On the suggestion of her death they were admitted as parties to prosecute the action.

At the trial in the Superior Court before *Sherman*, J. the jury returned a verdict for the plaintiffs, and assessed damages in the sum of $367.   The plaintiffs alleged exceptions to an instruction of the judge as to the measure of damages and to the admission by him of certain testimony on the cross-examination of Samuel B. Hopkins, one of the plaintiffs.   The questions raised by the exceptions are stated in the opinion.

*F. D. Allen & L. K. Clark*, for the plaintiffs.

*S. J. Elder*, (*J. T. Pugh* with him,) for the defendant.

KNOWLTON, C. J.   This is an action of tort to recover damages to the plaintiffs' building, caused by the defendant in negligently and improperly digging a trench in the cellar of its adjacent house, near the party wall.   There are two exceptions for our consideration, one to the instructions of the judge on the question of damages, the other to the admission of testimony.

The jury were instructed that, if they came to the question of damages, the plaintiffs were entitled to recover the difference between the fair market value of the property before the injury caused by the defendant and its market value after the injury.   This is the correct rule in cases of this kind.   *Childs* v. *O'Leary*, 174 Mass. 111, 114–116.   *Adams* v. *Marshall*, 138 Mass. 228, 239.   *Gilmore* v. *Driscoll*, 122 Mass. 199, 209.   The cost of restoration of the property to its former condition does

not necessarily furnish a true criterion for determining damages. Sometimes to make such a restoration would be an uneconomical and improper way of using the property. It might involve a very large and disproportionate expense to relieve from the consequences of a slight injury. In many cases the cost of repairs would be an accurate measure of the damages. To incur the cost is often the best way of dealing with the property. In the present case evidence was introduced of what this cost would be, and the jury were permitted to consider it in determining the diminution of the market value.

The fact that the source of the injury was the settling of a party wall does not affect the rule of damages in this case. The plaintiffs sought to recover for resulting defects in different parts of the building. There was no error in the instructions.

The original plaintiff, in her declaration, averred that her building was rendered " unsafe for use and habitation ; whereby the tenants of the plaintiff were compelled to vacate the said building and the plaintiff was for a long time unable to rent or lease the same by reason of damaged condition thereof, . . . and by reason of the reduced value of the plaintiff's said building the plaintiff is unable to obtain as high a rental for the said building as formerly," etc. One of the plaintiffs testified that his tenant went out by reason of the injuries caused by the defendant. The defendant, in cross-examination of this witness, undertook to meet this assertion by showing that the plaintiffs had demanded a large sum for damages to the property on account of the diminution of its rental value by the construction of the elevated railway through the street in front of the premises. To the questions on this subject the witness answered with some reluctance, admitting that he made a claim against the elevated railway company, which was settled, but denying that he made any claim that tenants left him, or that the premises were not rentable on account of noise. He said that he got damage " for light, air and noise." He was then asked how much he got, and answered, subject to the exception of his counsel, $5,100 for the two houses, equally divided between the two.

The evidence was properly admitted. The making of such a claim for " light, air and noise," all of which would affect the

rental value of his property, was in the nature of an admission that the rental value was very greatly diminished from causes other than the wrong of the present defendant, and this fact properly might affect the weight of his testimony, in which he imputed the loss of his tenant to the undesirability of his property for occupation by tenants on account of the injuries caused by the digging of the trench. At least in cross-examination, the testimony well might be admitted, in the discretion of the court.

*Exceptions overruled.*