CORNELIUS J. GUINEY *vs.* UNION ICE COMPANY.

Suffolk.    October 18, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Licensee.    *Evidence,* Competency.    *Practice, Civil,* Conduct of trial.

Where an expressman was ordered to go for certain ice to be delivered by an ice company from a freight car, and had "nothing to do there except to wait for the ice," but, instead of waiting outside, entered the car although he "had nothing particular to do in the car," and there was injured by a glancing and unintentional blow of an ice pick in the hand of a workman of the ice company, he has no cause of action against the ice company, because he was at most a mere licensee in the car.

In an action brought by such workman against the ice company for his injury, after the facts stated above had appeared in evidence, the plaintiff was asked by his counsel in redirect examination, in reference to his presence in the car, the question, "Was there any reason other than you testified to?" and the question was excluded by the judge. The plaintiff made no offer of proof and no statement showing what answer was expected. *Held,* that it could not be said as matter of law that the exclusion of the question was wrong.

TORT for personal injuries sustained on May 19, 1906, when the plaintiff, who was an expressman and had been sent to receive certain ice to be delivered by the defendant from a freight car at the Union Freight car yard back of Commercial Wharf in Boston, was alleged to have been struck with an ice pick by reason of the negligence of a servant of the defendant in handling the ice. Writ dated March 15, 1907.

In the Superior Court the case was tried before *Brown*, J. The evidence is described in the opinion and also the circumstances under which the plaintiff was asked the question quoted in the opinion on redirect examination by his counsel and the question was excluded by the judge.

At the defendant's request the judge ruled that the plaintiff could not maintain his action and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Morson,* for the plaintiff.

*E. C. Stone,* for the defendant.

BRALEY, J. If the plaintiff had not been in the car from which the ice was being taken and placed on his wagon he would not have been injured by the glancing and unintentional blow of an ice pick in the hands of a workman of the defendant engaged in transferring the ice. It is apparent from the plaintiff's uncontradicted testimony that he was not required to assist in loading the ice, and until it was loaded he "had nothing in particular to do in the car." If nothing more appeared he must be held while in the car to have been at most a mere licensee to whom the defendant owed no duty except to refrain from the infliction of wilful injury, of which there is no evidence. *Freeman* v. *United Fruit Co.* 223 Mass. 300, 302.

But to meet this initial difficulty, and, after the plaintiff in cross-examination had reiterated that he had "nothing to do there except to wait for the ice," he was asked in redirect examination, "Was there any reason other than you testified to? " when there followed a colloquy between counsel for the plaintiff and the presiding judge during which the judge said, "His duty did not call him in there," and the witness, interposing, said, "Not at that time." While the witness immediately was told by his counsel " Don't you answer," it is clear from all of his evidence, including this statement, that unless some sufficient reason not pre-

viously disclosed was given for his presence in the car his rights had not been enlarged, and he could not recover.

The question finally having been excluded, the plaintiff contends there was error and that a new trial should be granted. But no offer of proof, nor any statement showing the answer expected was made. Nor can we infer from the record what the answer might have been. Under such circumstances it cannot be held as matter of law that the ruling was wrong. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392, 396. *Coolidge* v. *Boston Elevated Railway,* 214 Mass. 568, 571.

*Exceptions overruled.*