<em>Decree affirmed.</em>

———

CHARLES J. HARTSHORN *vs.* FRANK I. TOBIN & another.

Middlesex. January 16, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Of one controlling real estate.

At the trial of an action by the owner of land with a cement retaining wall adjoining land of the defendant's wife on a hillside, for damages alleged to have been caused by negligent excavating by the defendant on his wife's land, there was evidence that the defendant was seen at the excavation "directing his men;" that he said "his work had gone out, it hadn't worked as he planned on and he had trouble;" and that he did in fact haul to the plaintiff's yard two cart loads of stone that had been in the wall. *Held*, that there was evidence for the jury warranting a finding that the defendant was responsible for the way in which the work of excavating on his wife's lot was done.

At the trial above described expert witnesses testified that in view of the slope of the hill, the depth of the excavation and the nature of the soil, it was obviously necessary to shore up or support the land of the plaintiff in order to prevent it from caving in. The defendant used no shoring nor timbers to hold back the earth from sliding into the excavation, even after he had the warning of the first "cave in." He dug up to, if not beyond, the division line, causing the fall of the natural soil of the plaintiff's lot under the retaining wall. The jury took a view. *Held*, that a finding that the defendant was negligent was warranted.

CONTRACT OR TORT against Frank I. Tobin and Elizabeth E. Tobin, with a declaration in tort for unlawfully entering upon premises of the plaintiff and negligently undermining a bank or retaining wall. Writ dated September 3, 1918.

In the Superior Court, the action was tried before *Hammond*, J. Material evidence and exceptions by the defendant Frank I. Tobin are described in the opinion. The jury found for the defendant Elizabeth E. Tobin and for the plaintiff against Frank

I. Tobin in the sum of $238.20; and the defendant Frank I. Tobin alleged exceptions.

*H. Bergson,* for the defendant Frank I. Tobin.

*J. E. Perry,* (*A. L. Saunders* with him,) for the plaintiff.

DE COURCY, J. The case went to the jury against the defendant Frank I. Tobin only (hereinafter referred to as the defendant) and on the first count of the declaration. This sought, in substance, to recover damages for negligently undermining the plaintiff's land; thereby causing a wall to fall, and otherwise injuring the soil. The rear corner of the plaintiff's lot abutted on land owned by the defendant's wife. The surface was hilly, and the plaintiff had built a cement-laid stone retaining wall along the rear line, and graded his lot to the level of the top of the wall. From the base of the wall the ground sloped steeply downward to the general level of the Tobin lot. This slope was excavated at the time of the injuries complained of, leaving a drop of about twenty-five feet from the top of said wall to the level of the Tobin land. In the course of the digging, the filling and original natural soil of the plaintiff's lot caved in, and with a portion of the wall slid down upon the Tobin lot. The jury took a view of the premises. There was a verdict for the plaintiff.

The only exception argued by the defendant is that to the refusal of the trial judge to grant his motion for a directed verdict. He now contends there was no evidence that the defendant undertook the work of excavating on his wife's lot, or that the work was done negligently. Apparently the first of these questions was not raised at the trial. It was assumed in the defendant's own fifth request, as well as in the judge's charge, that the work was done by Tobin. But even if this point is open, there was testimony that Tobin was seen there "directing his men;" that he said "his work had gone out, it hadn't worked as he planned on and he had trouble;" that he promised to "repair the damages and make it good;" and did in fact haul to the plaintiff's yard two cart loads of stone that had been in the wall. This was enough to take him to the jury. There was also evidence for their consideration that the work was done negligently. Experts testified that in view of the slope of the hill, the depth of the excavation and nature of the soil it was obviously necessary to shore up or support the land of the plaintiff, in order to pre-

vent it from caving in. Tobin used no shoring or timbers to hold back the earth from sliding into the excavation, even after he had the warning of the first "cave in." He dug up to, if not beyond, the division line, causing the fall of the natural soil of the plaintiff's lot under the retaining wall. This evidence, with the admissions already referred to and other similar ones, when applied by the jury in the light of the view, warranted a finding of negligence.

What has been said disposes also of the defendant's first and third requests for rulings. Assuming that the fifth and eighth were not waived, they were covered amply and accurately in the judge's charge, and in accordance with *Foley* v. *Wyeth*, 2 Allen, 131, and *Gilmore* v. *Driscoll*, 122 Mass. 199.

*Exceptions overruled.*