JULIUS KRONBERG & another *vs.* DAVID J. BULLE.

Suffolk.    November 23, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice*, Appeal.    *Equity Jurisdiction*, To enjoin removal of lateral subjacent support of real estate, To enjoin continuing trespass.  *Trespass.    Land Court.    Boundary.*

Where in a suit in equity exceptions by the defendant to a master's report were overruled by an interlocutory decree and relief sought by the plaintiff was granted in a final decree and the defendant appealed from the final decree only, the action upon the exceptions is not before this court upon the appeal unless, and so far only as, such action necessarily is involved in the final decree.

Upon an appeal by the defendant from a final decree entered in a suit in equity after the filing of a master's report, the defendant is entitled to argue that on the facts found by the master the decree was not warranted.

In a bill in equity, the plaintiff alleged that the defendant by excavation on his own land had encroached upon the plaintiff's land and had removed the support of the plaintiff's land and of structures thereon, and the plaintiff sought appropriate injunctive relief.    A master found that the defendant had dug a trench on his land which cut beneath a wall on the plaintiff's land and encroached upon the land of the plaintiff; that water falling into the trench from a structure on the defendant's land had caused the plaintiff's land still further to be encroached upon, undermined and washed away; that the trench was dug with reckless disregard of the consequences and that as a result thereof the lateral subjacent support of the plaintiff's land and of the structures thereon were removed and undermined and the plaintiff's land and structures were caused to cave in and to be thrown down.  *Held*, that a final decree was warranted enjoining the acts of the defendant, directing the defendant to restore the natural lateral and subjacent support of the plaintiff's land, enjoining the defendant from interfering with the structures on the plaintiff's land, and awarding the plaintiff damages and costs.

In the suit above described, it appearing that the boundary line between the land of the plaintiff and that of the defendant was in dispute, it was within the authority of the master to determine the line and it was not necessary for the plaintiff first to establish it by appropriate proceedings in the Land Court.

BILL IN EQUITY, filed in the Superior Court on June 11, 1921, seeking an injunction restraining the defendant from maintaining an excavation on his land, " from refusing to

supply the natural support of the plaintiffs' land and structures thereon and from continuing to trespass upon the rights and property of the plaintiffs . . . " and " requiring the defendant to restore the natural support of the plaintiffs' land and the structures thereon which were removed by the defendant," and for damages.

In the Superior Court, the suit was referred to a master. The master found that if, under findings set out in his report and described in the opinion, the plaintiffs were entitled to damages, he found damages as follows: for replacing stone wall, $280; for replacing concrete walk, $48; for damage to piazza by reason of settling, $16; total, $344. Other material findings are described in the opinion.

Exceptions by the defendant to the report were heard by *Wait*, J., and by his order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree fixing and determining the boundary line between the land of the plaintiffs and that of the defendant, enjoining the defendant from maintaining the excavation described in the bill of complaint, and " from refusing to supply the natural lateral and subjacent support to the plaintiffs' land; from maintaining drains or channels on his premises as referred to in the bill of complaint so that the water gathered on the defendant's premises is directed on or against the plaintiffs' land; and from continuing to trespass upon the land of the plaintiffs." By the final decree the defendant also was ordered to "restore the natural lateral and subjacent support to the plaintiffs' land removed by him as referred to in the bill of complaint, and fill in said excavation with such material and in such manner as to restore the natural support to the plaintiffs' land;" was enjoined " from interfering with the plaintiffs . . . in the construction of a wall and walk on the plaintiffs' premises adjacent to the boundary line as herein fixed and determined, in the position and location of the wall and walk existing on the plaintiffs' land prior to the acts of the defendant set forth in the bill of complaint and during the work of reconstruction of said wall . . . from preventing the plaintiffs, . . . from entering upon that part of the defendant's land

immediately adjacent to the boundary line for such purpose " in the process of such reconstruction; and damages in the sum of $344 and costs were awarded to the plaintiffs. The defendant appealed from the final decree only.

*E. A. Howe*, for the defendant.

*C. H. Donahue*, for the plaintiffs.

CROSBY, J. The plaintiffs and the defendant are owners of adjoining premises occupied respectively as a residence. This bill is brought for relief against acts alleged to have been committed by the defendant which caused the land of the plaintiffs to be undermined and to cave in, and certain structures upon it to be thereby damaged.

The case was referred to a master, who found that the plaintiffs built upon their land, along a portion of the dividing line between their land and that of the defendant, a wall and a concrete walk; that afterwards the defendant dug a trench in his lot along the face of the wall for its entire length, and immediately adjacent to it, and that in some places he cut beneath the wall itself; that he then connected corrugated iron pipes with a conductor from the roof of his house in such a way that water from the roof drained into the trench and ran down by and under the wall and undermined it to such an extent that in places it fell down, the concrete walk was caused to be badly cracked, and a post supporting the rear piazza of the plaintiffs' house has settled. He also recites: " I find that the digging of the trench by the defendant was not for a temporary purpose, nor for the erection of a structure on the defendant's land, but solely for the purpose of receiving the water which ran from the defendant's roof and conducting the same along the line of the wall to a point in the rear of the defendant's lot and I further find that this trench was dug with a reckless disregard of the consequences of such digging, and that as a result thereof the defendant has removed the lateral subjacent support of the plaintiffs' land and of the structures thereon and undermined the same, and has caused the land of the plaintiffs and the structures thereon, consisting of a concrete walk and a wall, to cave in and to be thrown down." The master further found that by reason of the trench and the

water therein collected the plaintiffs' land continued to be encroached upon, undermined and washed away, and that the results of the acts of the defendant have extended over on to the land of the plaintiffs, even should the defendant's contention as to the location of the boundary line be correct, and that the plaintiffs were entitled to recover for damage to the wall, concrete walk and piazza.

No appeal having been taken from the interlocutory decree overruling the defendant's exceptions to the master's report, they are not before us, unless and so far as they are necessarily involved in the final decree. *Clapp* v. *Gardner*, 237 Mass. 187, 191. As the evidence is not reported the master's findings must stand.

Although the defendant did not appeal from the decree overruling the exceptions to the report, he was entitled to argue upon this appeal from the final decree that on the facts found by the master the decree was unwarranted. *Fay* v. *Corbett*, 233 Mass. 403, 410.

The rule is well settled that for an excavation causing an injury to the soil in its natural state of an adjoining owner an action will lie, but that in the absence of proof of a right by grant or prescription in the plaintiff, or of actual negligence on the part of the defendant, no action will lie for an injury to structures by excavating adjoining land not previously built upon. *Thurston* v. *Hancock*, 12 Mass. 220. *Foley* v. *Wyeth*, 2 Allen, 131. *Gilmore* v. *Driscoll*, 122 Mass. 199.

Although the question, whether negligent acts of the defendant on his land would render him liable for injuries to structures on the land of the plaintiff, was expressly left open in *Gilmore* v. *Driscoll, supra*, 207, such liability was determined in *Hopkins* v. *American Pneumatic Service Co.* 194 Mass. 582. See also *Hartshorn* v. *Tobin*, 244 Mass. 334.

Apart from the finding that the defendant dug the trench in his own land the master also found that in some places he cut beneath the wall itself, that is to say that he dug upon the land of the plaintiffs. The findings are sufficient to establish liability for damage to the structures on the land of the plaintiffs.

The further finding that, by reason of the digging of the trench and of the collecting and conducting of water into it from the roof of the defendant's house and otherwise, the plaintiffs' land continued to be encroached upon, undermined and washed away, constitutes an invasion of the plaintiffs' rights and entitles them to recover for damage to artificial structures on the land. *Fitzpatrick* v. *Welch,* 174 Mass. 486. See also *Mahoney* v. *Barrows,* 240 Mass. 378.

The contention of the defendant that the final decree does not conform to the allegations and prayers of the bill is without merit.

The further contention that it was beyond the authority of the master to determine the boundary line between the lands of the parties and that the plaintiffs should have petitioned to the Land Court for that purpose cannot be sustained. The relief sought is for a continuing tort in the nature of trespass and for damages resulting from the past acts of the defendant. The determination of the questions in issue involved the ascertainment of the dividing line between the lands of the parties; that question was in dispute and the evidence upon it as appears from the master's report was conflicting. If the plaintiff were obliged to go to the Land Court and there have the boundary line established, it would follow that no proceeding in law or equity where a trespass to real estate was involved, and the boundary line was in dispute, could be brought until the plaintiff had first petitioned to the Land Court, and had there caused his boundary line to be established and his title registered. That such a contention is unsound is too clear for discussion.

It is plain that upon the facts found by the master the plaintiffs are entitled to the relief prayed for in the bill.

*Decree affirmed.*