James Gray & another *vs.* F. I. Tobin.

Middlesex.    January 18, 1927. — April 5, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Trespass. Evidence*, Opinion: expert. *Damages*, In tort. *Practice, Civil*, Exceptions.

A declaration in an action of tort was in three counts, the first count alleging that the defendant broke and entered the plaintiff's close, dug into the soil, carried away a large amount thereof, and undermined the plaintiff's dwelling house on his premises; the second count alleging that the defendant broke and entered the plaintiff's close, drove heavy teams across his lawn and deposited on it large quantities of stone; and the third count alleging that the defendant negligently excavated soil on his own premises, and, by removing large quantities of earth, undermined the soil of the plaintiff's land and caused his dwelling house to settle, thereby damaging the same. At the trial, there was evidence that the plaintiff and the defendant were adjoining landowners; that the defendant built a retaining wall on his land about one foot from the dividing line between the two premises; that the

plaintiff's land was higher than the defendant's and sloped toward it; that the act of the defendant in digging into the soil on his land in close proximity to the dividing line had caused the soil and earth on the plaintiff's land to cave in and fall upon the defendant's premises, and had caused the plaintiff's house to settle and be damaged thereby. *Held,* that

(1) A striking out, from testimony of a witness called by the plaintiff, admitted to be qualified as an expert, that before the acts of the defendant the plaintiff's property was worth from $8,000 to $8,500 and *that since the acts it was worth $5,000, of all of such testimony respecting the property "except the value of $5,000," was error although the witness gave as a reason for his opinion as to the difference in value testified by him, "because a great many of my buyers are people intending to purchase property for a home, especially two family houses; having children, they would not purchase a property with a grade taken away in the rear"; the weight of the evidence was for the jury;*

(2) An exception to the exclusion of a question relating to the cost of a retaining wall was overruled as the record did not show what answer was expected;

(3) An instruction to the jury, that upon the second count the plaintiff could recover only nominal damages, was error, there being evidence, including photographs, introduced at the trial from which it could have been found that considerable quantities of stone had been unlawfully piled on the land of the plaintiff by the defendant, and that teams had been driven across the plaintiff's lawn by the defendant;

(4) Motions for verdicts for the defendant on each count properly were denied;

(5) A new trial was ordered, confined to the question of damages.

Tort for trespass *quaere clausum fregit* with the declaration as described in the opinion. Writ dated February 11, 1919.

The action previously was before this court after a trial before *Lawton,* J., when exceptions by the defendant were sustained in a decision reported in 252 Mass. 238.

There was a further trial before *Irwin,* J. The "reason given by the witness [Cotter] as a basis of his opinion" referred to in the opinion was as follows: "Q. What makes that difference in value in your opinion? A. Because a great many of my buyers are people intending to purchase property for a home, especially two family houses; having children, they would not purchase a property with a grade taken away in the rear, you can see."

Further proceedings at the trial and exceptions saved by the parties are stated in the opinion. There was a verdict

for the plaintiffs in the sum of $625. Both parties alleged exceptions.

*W. R. Bigelow,* for the plaintiffs.

*E. Greenhood,* for the defendant.

CROSBY, J. This is an action of tort to recover damages for trespasses, alleged to have been committed by the defendant. The declaration contains three counts. The first alleges, in substance, that the defendant broke and entered the plaintiffs' close, dug into the soil and carried away a large amount thereof, and undermined the plaintiffs' dwelling house on their premises. The second count alleges that the defendant broke and entered the plaintiffs' close, drove heavy teams across their lawn and deposited on it large quantities of stone. The third count alleges that the defendant negligently excavated soil on his own premises, and, by removing large quantities of earth, undermined the soil of the plaintiffs' land and caused their dwelling house to settle, thereby damaging the same. The declaration sets forth valid causes of action. *Gray* v. *Tobin,* 252 Mass. 238. The case was tried before a jury in the Superior Court who viewed the premises; it is here on the plaintiffs' and defendant's exceptions.

The record shows that at the time of the acts complained of the plaintiffs and the defendant owned adjoining parcels of land; that in 1918 the defendant built a retaining wall on his land about one foot from the dividing line between the two premises; and that the plaintiffs' land was higher than the defendant's and sloped toward it. The plaintiffs offered evidence tending to show that the act of the defendant in digging into the soil on his land in close proximity to the dividing line had caused the soil and earth on the plaintiffs' land to cave in and fall upon the defendant's premises, and had caused the plaintiffs' house to settle and be damaged thereby.

One Cotter was called as a witness by the plaintiffs; his qualifications to testify as to the value of the plaintiffs' property before and after the alleged acts of the defendant had been committed were not questioned. He testified that its value before the excavation had been made was between

$8,000 and $8,500; that since the excavation it was worth about $5,000. Upon motion of counsel for the defendant, the judge ordered all the testimony of this witness respecting the property "except the value of $5,000" to be struck out. We are of opinion that this was error, and that the plaintiffs' exception to the order of the judge must be sustained. The evidence of the value of the property both before and after the acts complained of was admissible. It was competent and material upon the question of damages. The reason given by the witness as a basis of his opinion did not make the evidence incompetent; its weight and convincing force were for the jury. *Keith* v. *Lothrop,* 10 Cush. 453, 457. *Logan* v. *Boston Elevated Railway,* 188 Mass. 414, 415.

The exception of the plaintiffs to the exclusion of the question asked the witness Abbott as to the cost to them of constructing a retaining wall upon their land to support their filling cannot be sustained: it does not appear what answer was expected. Accordingly the exclusion is not shown to have been prejudicial to the plaintiffs. *Guiney* v. *Union Ice Co.* 225 Mass. 279, 281.

At the close of the evidence, the judge instructed the jury that upon the second count the plaintiffs could recover only nominal damages. There was evidence, including photographs, introduced at the trial from which it could have been found that considerable quantities of stone had been unlawfully piled on the land of the plaintiffs by the defendant. Upon this evidence it could not rightly have been ruled that recovery on the second count was limited merely to nominal damages. The jury could have found that such trespass together with the driving of heavy teams across the plaintiffs' lawn entitled them to substantial damages. *Bowen* v. *Jones,* 234 Mass. 90, and cases cited. The exception to this ruling must be sustained.

The defendant excepted to the refusal of the judge to direct a verdict in his favor upon each count of the declaration. As there was evidence warranting a finding for the plaintiffs on all the counts, these exceptions cannot be sustained. It is well settled that, for excavations causing injury to the soil of an adjoining owner in its natural state, an action will lie.

The evidence in the case at bar warranted a finding that by reason of the unlawful and negligent acts of the defendant the natural soil of the lot of the plaintiffs caved in, resulting in the settling of their dwelling house.   It is manifest that upon such a finding the defendant's requests as to the first and third counts could not properly have been given.   *Hopkins* v. *American Pneumatic Service Co.* 194 Mass. 582. *Hartshorn* v. *Tobin,* 244 Mass. 334.   *Kronberg* v. *Bulle,* 247 Mass. 325.

As there have been two trials of this action and the liability of the defendant has been established, and as the only error relates to the matter of damages, the new trial is to be confined to that issue.   *Mahoney* v. *Boston Elevated Railway,* 221 Mass. 116.   Let the entry be

*Plaintiffs' exceptions sustained.*
*Defendant's exceptions overruled.*