## Western District
### THOMAS E. LYON
**v.**
### ROBERT E. SIMONS

*Present*: Garvey, J. (Presiding) & Hobson, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 159,357.

Argued: April, 1962—Decided: May, 1962

*Hobson, J.* In this action the plaintiff seeks to recover damages for personal injuries (Count 1) and property damages (Count 2) as a result of a motor vehicle accident with the defendant. The defendant set up in his answer three defenses but at the trial relied on but two of them, namely, general denial and contributory negligence.

The trial judge granted plaintiff's request No. 1, "Upon the preponderance of the evidence a finding for the plaintiff is warranted"; denied his requests Nos. 2, 3 and 4, to the effect that upon all of the law the plaintiff is entitled to a finding in his favor and that upon all of the facts and all of the law the defendant is not entitled to prevail. Further, the trial judge granted plaintiff's requests Nos. 5, 6, 7 and 8, substantially to the effect that there was evidence to warrant

a finding that the plaintiff's vehicle reached the intersection first; that the plaintiff was in the exercise of due care at the time of the impact; that the injury to the plaintiff and his vehicle was caused proximately by the negligence of the defendant and that "On the question of the plaintiff's turning to the right or to the left, a mistake of judgment as to which was the safer course will not prevent his recovery if it is found that he acted prudently, for a choice may be mistaken and yet prudent.

The trial judge made a general finding for the defendant.

The plaintiff claims to be aggrieved by the denial of his requests Nos. 2, 3 and 4 and because the trial judge's general finding for the defendant is inconsistent with the request for rulings he granted, with subsidiary facts found, and is unsupported by the law or the evidence.

It is well settled that a general finding in favor of the plaintiff imports the drawing of all rational inferences to support that conclusion which are permissible on the evidence and the finding of all subsidiary facts conducing to that result of which the testimony is susceptible, and the finding must stand unless unsupported by the evidence. *Moss v. Old Colony Trust Company*, 246 Mass. 139, 143; *New York Central Railroad v. Marinucci Bros. & Co., Inc.*, 337 Mass. 469, 471.

The question then, is whether or not upon the evidence set forth in the report, with all rational inferences which might be drawn therefrom, the finding for the defendant can be sustained.

The finding is amply supported by the subsidiary facts which could be and were importedly found from the evidence and inferences, and therefore the finding should stand.

The trial judge, from the evidence and rational inferences drawable therefrom, could have found the following subsidiary facts:

1. The defendant was not negligent in his operation of his vehicle at the time in question.

2. The defendant arrived at the intersection before the plaintiff or approximately at the same instant and the plaintiff failed to grant the defendant the right of way.

3. The plaintiff, notwithstanding that there were warning signs in the highway to the north of the intersection stating that the road was under construction, drove his car into the intersection at a speed exceeding thirty-five miles an hour without slowing down, and that said conduct was a con tributing cause of the collision and the resulting injuries to the plaintiff and damage to his vehicle.

4. The plaintiff, as he approached the intersection, saw the defendant about one hundred fifty yards away to his right and never again looked to see where the defendant

was until he heard the horn on the defendant's car being sounded just prior to the impact, thereby failing to make any observation whatever as to whether or not the defendant's car was to reach the intersection before the plaintiff's car did or at approximatly the same instant, in either of which events the defendant was entitled to the right of way and the defendant did not have his car under such control that he could grant it to him.

If the trial judge found as he could have, the fact set forth in paragraph No. 1 above, his finding for the defendant was correct, and is supported by the evidence; and if the trial judge found the facts as set forth in paragraph Nos. 2, 3 and 4 above, his finding for the defendant was correct, even though he may have found negligence on the part of the defendant, because he would be finding that the negligence of the plaintiff contributed to cause the injuries and property damage he sustained, such a finding being amply supported by the evidence.

■ There was no error in the denial of the plaintiff's requests Nos. 2, 3 and 4. Upon the facts found by the trial judge and the law applicable thereto, the plaintiff was not entitled to recover and the finding for the defendant was correct.

■ The plaintiff further says he is aggrieved because the trial judge, after granting his requests Nos. 1, 5, 6, 7 and 8, to the effect that upon the evidence a finding for the plaintiff was warranted, then found against

him and found for the defendant.

█ There was no inconsistency on the part of the trial judge in granting these requests and then finding against the plaintiff.

█ The requesting party (the plaintiff) is entitled to have requests of the type stated above granted if a finding in his favor is legally possible on the evidence, that is, where, as here, the evidence was conflicting and did not as a mater of law require a finding for the defendant, but the granting of these requests in no way obligated the trial judge to find in favor of the plaintiff. *Bresnick v. Heath,* 292 Mass. 293, 298; *Strong v. Haverhill Electric Co.,* 299 Mass. 455, 456; *Hoffman v. Chelsea,* 315 Mass. 54, 56; *Liberatore v. Framingham,* 315 Mass. 538, 541, 542.

In allowing these requests the trial judge was merely stating a rule of law by which he was guided. *Mastercraft Wayside Furniture Co. v. Sightmaster Corp.,* 332 Mass. 383, 387.

We find no prejudicial error. The report should be dismissed.

R. Simons, of Springfield, for the Plaintiff.

Arthur D. Giustina, of Springfield, for the Defendant.