## *Western District*
## PHILIP WHITEHEAD CO., INC.
### v.
## EDWARD KROCK INDUSTRIES, INC., AND TRUSTEE

Argued: February 7, 1963—Decided: March 11, 1963

*Present*: Garvey, P. J., & Moore, J.

Case tried to *Allen, J.* in the Central District Court of Worcester. No. 120164.

*Garvey, J.* This action of contract is in two counts. In count 1 the plaintiff (Whitehead) seeks to recover from the defendant (Krock) money alleged to be due him from the net proceeds of a partnership or joint venture, and in Count 2, for money had and received. Krock's only answer is that he "denies that (he) owes the plaintiff anything". After a trial the court found for the plaintiff and assessed damages in the amount of $5000.00, with interest from April 1, 1957. The defendant claiming to be aggrieved by the denial of certain of his requests for rulings of law claimed this report.

*The reported evidence, summarised shows:* That Whitehead and Krock, principal officers in their respective corporations, and one McKittrick, who is not a party to this action, were engaged in the business of buying and selling textile machinery and equipment, and real property used in connection with textile manufacturing. In April, 1956, Krock told Whitehead and McKittrick with whom he had like deals before, that he had purchased, or was about to purchase, from Textron, Inc. the machinery, equipment, and real property of the Vassalboro Mills, Inc. in Vassalboro,

Maine for $270,000.00. He invited White-
head to purchase an interest in the deal.
Whitehead after inspecting the property
agreed to take a twenty-five per cent interest
and gave Krock his check for $67,500.00.
McKittrick purchased a one-third interest.
It was orally agreed that they would share
in the profits or losses in accordance with
their respective interests. *There was no talk
as to Krock receiving a management fee.* That
in other deals sometimes a management fee
was paid and sometimes not. That if there
was to be such a fee it was always agreed
upon in advance.

The machinery, equipment and real prop-
erty was thereafter sold at a public auction
at which each of the parties to the deal pur-
chased some of the machinery and equipment
for their individual accounts or for their
individual customers. Krock handled the re-
ceipts from the sale which was profitable.
He accounted to Whitehead and sent him,
without mention of or deduction for any
management fee, a check or checks represent-
ing his twenty-five per cent interest in the
proceeds. Whitehead testified that as of March
1, 1957 he had received all of his 25% share
of the proceeds with the conception of his
interest in a $20,000. mortgage note. The real
property was sold for $42,500.00 and as part
of this transaction Krock received, in part
payment, a note for $20,000.00 secured by
a second mortgage on the property. Krock
testified that he told the bank who took the

first mortgage that he would "take it out if it got stuck".He did not put this promise or guarantee in writing.

It was agreed by the parties at the trial that Krock received payment of the $20,000.00 note by a check dated March 29, 1957 which he deposited to his account and collected.

Whitehead first learned of this on April 2, 1957. On the same day he demanded that Krock pay his $5,000.00—his one-quarter share. In his talk with Krock that day, and in later conversations, Krock said he would "straighten out" with Whitehead when he straightened out with McKittrick who, he said, owed him money on this and other deals. Krock testified that he owed Whitehead the $5,000.00 *less a management fee.*

The trial judge made the following special findings:

> This is an action of contract wherein the plaintiff seeks to recover amount due him alleged to be his share in a business venture with the defendant. Upon consideration of all the evidence, I find as follows:
>
> The plaintiff purchased a quarter interest in a transaction involving some woolen mills in Vassalboro, Maine, for the sum of $67,500.00 for his interest. The profits were to be divided among three persons who had varying interests. The assets were finally disposed of and there remained the sum of $20,000.00 which should have been distributed. The plaintiff's share of this would be $5,000.00.

I find the property purchased was finally liquidated March 29, 1957.

I find for the plaintiff in the sum of $5,000.00 with interest from April 1, 1957.

The defendant claims to be aggrieved by the denial of its requests:

"On all of the evidence the plaintiff is not entitled to recover, (a) the final settlement of all monies has not yet been determined, (b) until final figures have been established a joint member or partner is not entitled to an accounting".

In effect the defendant is saying that the plaintiff is not entitled to sue at law—that his remedy is in equity for an accounting.

█ Whether the arrangement between these parties was a partnership or a joint venture the same principles applicable to suits between partners govern suits between them. "(A) joint venture is similar in many respects to a partnership, and we know no reason why the principles of law governing the remedy by which a partner might recover his share of the profits are not applicable to a joint adventurer seeking to obtain his share of the profits of a joint undertaking." *Berwin v. Cable,* 313 Mass. 431, 435. As said by Reed, Equity Pleading and Practice, §253:

"(I)n a limited class of cases a partner or joint adventurer may be permitted to maintain an action at law against his associate to recover partnership profits. (T)hat the right to maintain such an action must rest upon the principle that the partnership has terminated and all that remains is to strike a balance between the partners".

This principle of law is fully discussed in *Berwin v. Cable*, 313 Mass. 431, 435-437. Krock argues he was entitled to a *management fee* and until that was determined a balance could not be struck. He did not plead recoupment.

■ A finding for the plaintiff imports the drawing, by the trial judge, of all rational inferences to support that conclusion which are permissible on the evidence, and the finding of all subsidiary facts necessary to that result of which the testimony is susceptible, and the finding must stand unless unsupported by the evidence. *New York Central RR. v. Marinucci Bros. & Co., Inc.*, 337 Mass. 469, 471. He did not offer any evidence as to the value of such services. *Hurwitz v. Parkway Country Club, Inc.*, 343 Mass. 661, 665. If this issue was open on the pleadings, the general finding and the denial of the request set out above, indicates that on the facts the judge found to the contrary. *Worcester v. Natick*, 345 Mass. 768.

The venture had terminated and all that remained was the distribution of the $20,-000.00 in the hands of the defendant. Krock was not legally obligated to the bank on his promise, and the dispute between Krock and McKittrick, if any, could not effect the rights of Whitehead. An action at law being proper, under these circumstances, there was no error in denying this request.

■ The trial judge found the plaintiff was entitled to interest on $5,000.00 from

April 1, 1957, the approximate date on which the defendant received payment of the $20,000.00 note and of the demand by the plaintiff for payment of his share. The defendant, on this issue, claims to be aggrieved by the trial judge's denial of his request that "The plaintiff is not entitled to interest except from the date of the writ (November 8, 1960) even though the plaintiff is entitled to recover". There was no error. In actions to recover a debt or a liquidated sum of money, interest is recoverable from the date the principal became due or from the time of its wrongful detention.

"Interest is allowed either as damages for the wrongful retention of money or personal property, or in accord with a contract for its payment". "The law imposes a duty to pay interest from the time payment of a principal is due, or from the time of its wrongful detention. Such payment is in its essence damages for failure to pay the principal at the time agreed upon." *Ratner v. Hill,* 270 Mass. 249, 253, and cases cited. G. L. (Ter. Ed.) c. 231, §7, cl. 10.

The $20,000.00 was received by the defendant on March 29, 1957 and there was no legal reason why he shouldn't have promptly paid the plaintiff his share. The trial judge justifiably found the $20,000.00 "should have been distributed". There was no error in the trial judge's finding on this point and in his denial of this request.

No prejudicial error being found *the report is dismissed.*

Eldred L. Field, of Lowell, for the Plaintiff.

Sedor & Sedor, of Worcester, for the Defendant.

Northern District