*Northern District*

No. 6647

## IRENE G. MAHONEY

### v.

## MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

(Argued: Dec. 27, 1967 — Decided: March 22, 1968)

*Present:* Connolly, J., Parker, Yesley, JJ.

Case tried to *Cowdrey, J.* in the First District Court of Eastern Middlesex. No. 4108 of 1966.

YESLEY, J. *This is an action of tort* in which the plaintiff seeks to recover for personal injuries sustained while a passenger in a bus owned by the defendant and being operated by one of its employees.

*There was evidence that* the plaintiff boarded the bus at a regular stop on Perry Street, Everett, that it started up as she was making

her way to the rear, that after going about twenty-five feet in heavy traffic it was brought to a sudden halt to avoid striking a car six feet ahead that had come to a stop, as a result of which "the plaintiff's feet left the floor and she fell backwards, striking her head on the floor, causing her to suffer injuries." There was a finding for the plaintiff.

The defendant filed eight requests for rulings, each prefaced with the words: "The plaintiff is not entitled to recover in this matter because" and following in each case by a specification of the ground for the requested ruling. The trial justice dealt with the requests[1] as follows: "I allow all of said requests as embodying correct principles of law but the same are not appli-

---

[1] The full text of the requests follows:
1. That the plaintiff is not entitled to recover in this matter because the sudden stopping of the defendant's motor vehicle is not of itself negligence.
2. That the plaintiff is not entitled to recover in this matter because the mere happening of this accident was no evidence of the defendant's negligence.
3. That the plaintiff is not entitled to recover in this matter because the plaintiff has failed to explain the cause of the sudden stop and the burden rests upon the plaintiff to do so.
4. That the plaintiff is not entitled to recover in this matter because the plaintiff was not in a position to see out of the front of the bus and does not know the cause of the sudden stop; without such information, the plaintiff cannot recover.
5. That the plaintiff is not entitled to recover in this matter because a common carrier is not

cable to the facts found.'' The defendant claims to be aggrieved ''by the finding of the court''.

██ A claim of report from a general finding does not ordinarily afford a basis for review by the appellate division where the facts of the cases are not agreed. *Stowell* v. *H. P. Hood & Sons, Inc.*, 288 Mass. 555, 557; cf. *Leshefsky* v. *American Employers' Insurance Company*, 293 Mass. 164, 166, 167.

██ The defendant's real grievance would seem to be that on the one hand the trial justice in terms allowed its requests for a ruling that the plaintiff was not entitled to recover, but on the other hand found for the plaintiff. The appropriate procedure to obtain a review of a seeming inconsistency between the action of a

---

liable to a passenger for personal injury from jerks or jolts unless unusual and beyond common experience. Such jerks or jolts are of necessity incident to the ordinary operation of a motor vehicle and that the plaintiff has presented no evidence that there was anything unusual about the operation of the motor vehicle.

6. That the plaintiff is not entitled to recover because the plaintiff's injury was caused by the act of a third party over whom the defendant had no control or right of control.

7. That the plaintiff is not entitled to recover in this matter because the plaintiff has not shown that she was in the exercise of due care.

8. That the plaintiff is not entitled to recover because if it appeared that the stop was due to an impending collision, the nature of the stop without more would not warrant a finding that the motorman was negligent.

judge on requests for rulings and his general finding is to move for a new trial. *Viera* v. *Balsamo,* 328 Mass. 37, 39. This course was not followed by the defendant.

There was still another option open to the defendant in seeking a proper route to bring the case to this division for review, namely, to treat the trial justice's "allowance" of its requests for rulings that the plaintiff was not entitled to recover as in effect a denial thereof in view of his general finding in favor of that very party. This might have been accomplished by requesting the judge to report his rulings on such requests as though he had denied them, even though in terms he purported to allow them. In the absence, however, of such request for a report we do not feel that we may properly undertake to review the manner in which these requests were disposed of.

This does not work an injustice on the defendant as we think that the plaintiff was entitled to recover and that the trial justice was justified in finding on the evidence that the defendant's employee was negligent, and that the plaintiff was in the exercise of due care, such findings being implied from his general finding. *New York Central Railroad Company* v. *Marinucci Bros. & Co., Inc.,* 337 Mass. 469, 471. It could have been found that the operator was negligent in starting up in heavy traffic while the plaintiff was still making her way to the rear of the bus to obtain a seat, or that the emer-

gency which required the operator to bring the bus to a sudden stop to avoid a collision could have been guarded against by operation in a duly careful manner under the prevailing traffic conditions. See *Aronson* v. *Metropolitan Transit Authority,* 340 Mass. 272, 275. There was no evidence which required a finding of contributory negligence on the plaintiff's part. The burden of proof on this issue was on the defendant (G.L. c. 231, § 85), and the trial justice could well have found, as he impliedly did, that the burden was not sustained. The defendant therefore was not entitled to a ruling that there must be a finding in its favor.

This appeal presents no question for review and the **report is ordered dismissed.**

ELIHU PERLMAN
  for plaintiff
BRYAN & MARTIN
  for defendant