Jodrey, J.
This is an appeal of an award for compensation of a victim of a violent crime on a petition brought under G.L.c. 258A.
The appeal is pursuant to the rules provided by Dist./Mun. Cts. Supp. R. Civ. P., Rule 150 (h), and only to those rules as Rule 150 (i) states unequivocally that: “No other rules shall govern procedure for compensation of victims of violent crime under General Laws, Chapter 158A.”
At the trial there was evidence tending to show:
The claimant, Faye Hullum, was shot by one Lawrence Haywood on or about September 28, 1980, while attending a party at 59 Clarkwood Street, Mattapan, Massachusetts. The victim and Haywood became involved in an argument at the party, and that Haywood then drew a revolver and shot the victim, who was transported to Boston City Hospital. On November 17,1980, Haywood was indicted by the Suffolk County Grand Jury for the shooting of Ms. Hullum who had received a gunshot wound to her right thigh and sustained a fracture of the right femur.
The appellee worked as a beautician and manicurist at Millie’s Beauty Salon, 220 Columbia Road, Dorchester, at the time she was shot and testified that she earned approximately $190 per week.
On May 11,1983, the victim filed her 1980 federal tax return which declared her adjusted gross income to be $8,000.00. She testified that the late filing occurred when, asked by her attorney to provide him with the return, she learned that the woman whom she understood had filed her return apparently had not done so. The Commonwealth introduced no evidence on this issue. The victim further testified that during the last three months of 1980, her income was a total of $1100 making her weekly income prior to the shooting approximately $176.92. The victim also testified that her income in the first three months of 1981 was limited to $1100.00.
The Commonwealth introduced a statement dated April 19,1984, from the Board of Registration of Hairdressers to the effect that it did not have any information on file for a license for Faye Hullum.
Appellee testified that she had a temporary permit from Wilfred Beauty Academy, the school from which she had been graduated in 1979, and understood it was good for two years.
The Commonwealth also presented evidence that a letter verifying the appellee’s employment at Millie’s Beauty Salon and the length of time appellee was out of work, was not written by the operator of the salon, but rather by her *13 niece.
The court found the following facts:
Taking $176.92 over the last three months of 1980, and the first three months of 1981,1 find the victim to be entitled to $4600 in lost earnings or support for that period, less the $2200 she earned, or $2400.
I find that the fact she is not now licensed does not mean that she did not in fact incur loss of earnings or support as a de facto beautician and manicurist and find nothing in c. 258A to warrant denying her compensation to which she is otherwise entitled. I note in this connection that the penalty for violating the relevant licensing provisions is ‘a fine of not more than one hundred dollars,’ and believe that the public policy embodied in the compensation to victims of violent crime statute outweighs this possible violation of the licensing procedures which may have occurred.
I conclude that claimant has satisfied her statutory burden of demonstrating ‘her qualification for compensation under the victims of violent crimes statute.’
I therefore find for the above claimant in the amount of $2400, less the statutory deductible amount of $100, for a total award of $2300.
Her counsel, a member of the Massachusetts Bar since 1968, has, at the court’s request, submitted itemized time records which reflect his having spent 12 11/12 hours on this matter and expended $40.60 in disbursements. I find the statutory maximum attorney’s fee of 15% of the amount awarded under this chapter to be wholly reasonable and thus award him $345, plus disbursements, or $385.60. The net amount due claimant after deducting attorney’s fees and disbursements is thus $1914.40.
At the close of the trial the Commonwealth made several requests for rulings of law, but this report does not challenge the correctness of the judge’s rulings upon these requests. Instead it indicated that the Commonwealth is claiming to be aggrieved by the court’s “finding” that:
1. Appellee has sustained her burden of proving lost wages as required by G.L.c. 258A, §5.
2. Appellee could lose wages as a beautician without possessing a license from the Board of Registration of Hairdressers.
From the report it appears that there was sufficient evidence to warrant the judge in finding for the petitioner on the question of lost wages. It is not our function to pass upon the weight of the evidence, but only to determine whether the finding of the trial judge can be sustained on any reasonable view of the evidence. The general and special findings are conclusive if there is any evidence to support them. Moss v. Old Colony Trust Co., 246 Mass. 139, 143 (1923); New York Central R.R. v. Marinucci Bros. & Co., Inc. 337 Mass. 469, 471 (1958).
The trial judge determined that petitioner was not barred from recovery of lost earnings even though she did not have a valid license from the Board of Registration of Hairdressers as required under G.L.c. 112. The appellant takes the opposite view and claims the judge was in error in awarding a sum for loss of earnings.
It is not argued that petitioner was exempt from the licensing statute which provides for the registration of hairdressers, manicurists, and aesthesticians, which latter term is a fancy synonym for the less professional sounding word “beautician.” Both terms signify a person skilled in the art and science of *14 beauty culture, improving personal appearance by care of the skin, hair, hands and nails, teeth and body, to make them conform to the standard regarded by the current generation as beautiful.
We are not to be understood as condoning violations of the licensing law. It is important that only qualified and duly licensed operators work as beauticians, especially these days when a vast array of cosmetic preparations, tonics, lotions and creams as well as mechanical or electrical apparatus and appliances are concocted or invented for use in maintaining and improving the beauty of women and, increasingly, of men as well.
For failure to have the required license, criminal sanctions are provided. It is one thing to punish the offender and quite another to deprive a victim of violent crime of the available benefits simply because of lack of a valid license, especially when the injuries suffered by the victim are totally unrelated to the victim’s employment. In the instant case, there was no connection at all between the victim’s work and the injuries which she suffered. The victim is not barred from recovery under the circumstances.
We find no error. Report dismissed.